# WALTERS *v.* WALTERS.

(Division A.   Dec. 6, 1937.   Suggestion of Error Overruled Jan. 17, 1938.)

[177 So. 507.   No. 32857.]

Harold Cox, of Jackson, for appellant.

Robertson & Robertson, of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

In December, 1934, the appellant and the appellee were husband and wife, having one child, a daughter about nine months old. On December 24th of that year the chancery court of Hinds county, on the complaint of the wife, the appellee here, dissolved the bonds of matrimony existing between her and her husband, granted her the custody of the child, and directed "that said L. E. Walters, pay to the said Mrs. Pearl Cheek Walters the total sum of $200.00 in full settlement of all alimony for herself and support money for said child, Dorothy Carroll Walters, and that said $200.00 be paid as follows: $15.00 immediately upon the signing of this decree, and $15.00 per month, payable upon the 21st of each month hereafter until the balance of $185.00 is paid in full." This support fund was thereafter paid the appellee by the appellant.

In January, 1937, the appellee filed a petition in the court below, which granted the decree of divorce, setting forth in substance that the appellant had made no further contributions to the support of the child; that when the decree was rendered the appellee was earning a small amount of money herself but is now, and has been for some time, unable to earn any money whatever, and that she is without means for the support of the child, which, in addition to food, lodging, and clothing, needs certain specifically set forth medical attention. The appellant, by an answer, denied his further liability under the decree of divorce for the support of the child, and further denied that any facts existed which would warrant a change being made in the decree relative thereto, under section 1421, Code of 1930. That section is as follows:

"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all

orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.''

The evidence supports the allegations of the petition and discloses that the child is now being supported by the appellee's sister and brother-in-law. It further discloses that the appellant has married again and that he and his present wife have one child, both of whom he is supporting. His income probably does not exceed $80 a month. The court below granted the prayer of the petition and directed the appellant to pay the appellee ''$12.00 per month, beginning this date and until the further orders of this court, for the support and maintenance of said Dorothy Carroll Walters,'' the child of the appellant and the appellee. The decree further directed the appellant to pay the appellee's attorneys a fee of $50 for filing her petition and presenting it to the court.

After the case reached this court, and before it was submitted on its merits, the appellee filed a petition for an allowance of an attorney's fee in this court. This petition was retained by the court until the case should be heard on its merits.

The duty of a father to support his child when the necessity therefor arises is absolute, and the court below was without the power to relieve the appellant therefrom by its decree rendered in December, 1934. Moreover, the amount with which the appellant was there charged for the support of the child is manifestly insufficient to care for it except for a limited time, which has long since passed. The decisions of this court to the effect that, where alimony is awarded the wife in a lump sum, no further alimony for her support can there-

after be awarded to the wife, are not in point here, and the appellant makes no contention that the appellee is an unsuitable person to be entrusted with the custody of the child and with the disbursement of the money allowed for its support. Rawlings v. Rawlings, 121 Miss. 140, 83 So. 146, 7 A. L. R. 1259, is not in point here, for the reason that the proceeding here is under section 1421, Code of 1930, and such was not the case there. We have not overlooked section 1863, Code of 1930, which imposes liability on both the father and mother for the "care, nurture, welfare and education" of their children; but it does not appear that its mother is now able to contribute any money whatever to the support of this child.

This brings us to the allowance to the appellee of an attorney's fee in the court below and her request for a similar allowance in this court. Section 1421, Code of 1930, does not expressly provide for such a fee, but it does by necessary implication. It provides that "the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require." It contemplates that the children shall be supported by the father if necessary, and the change in the former decree here requested is for the benefit of the child and not of its mother. If, as here, the mother is unable to support the child and cannot, as here, herself prepare or present a petition for its support by the father, and, as here, is without the means to employ an attorney so to do, the child would suffer, the very thing the statute was designed to prevent. In order for the court to carry out the purpose of the statute as to the support of a child, it must be presented with a petition therefor, and unless in cases such as the one here the court may award compensation to an attorney therefor, the purpose of the statute would be defeated. Its necessary implication, therefore, is that, in order to obtain the presentation to it of such a petition, the court may impose on the father an obligation to pay the expenses incident thereto, a necessary part

of which is an attorney's fee. "That which is implied in the statute is as much a part of it as that which is expressed." 59 C. J. 973; 2 Sutherland, Statutory Construction (2 Ed.), section 500; United States v. Babbit, 1 Black. 55, 17 L. Ed. 94; Peets v. Martin, 135 Miss. 720, 101 So. 78. Authorities from other jurisdictions are cited in support of the allowance of these fees, but we have not found it necessary to resort thereto.

The court below committed no error either in charging the appellant with this support fund or with the payment of a fee to the attorney who presented the petition therefor, consequently, its decree will be affirmed. It follows also that the motion for the allowance of an attorney's fee in this court should be, and it will be, sustained, and the amount thereof will be fixed in accordance with our usual, though not invariable, custom in similar cases, at $25, one-half of the amount allowed in the court below.

So ordered.