## WILSON v. WILSON.

(In Banc. May 14, 1945. Suggestion of Error Overruled Sept. 24, 1945.)

[22 So. (2d) 161. No. 35802.]

**Vollor & Teller,** of Vicksburg, for appellant.

R. M. Kelly and Brunini & Brunini, all of Vicksburg, for appellee.

Argued orally by **Landman Teller**, for appellant, and·by
**John Brunini** and **R. M. Kelly**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The parties were married in Florida in 1928. Soon thereafter they moved to Chicago, the former home of the wife. In 1932, they came to Warren County, in this State, where they lived together until June 20, 1942. On the latter date, having become dissatisfied, the wife returned to Chicago, and in November, 1942, she filed in the Chancery Court of Warren County a bill for divorce. The divorce suit was triable at the January, 1943 term of the court, but it was not tried, the inference being a fair one that the wife found that she could not make the necessary proof. Thereafter she decided to dismiss her suit and she so instructed her attorneys. Supposing that the suit had been formally dismissed at the April, 1943 Term, the wife, on April 29, 1943, returned to her home and sought readmission, which was denied her on the assigned ground that her divorce suit had not been dismissed. Her attorneys then furnished the order of dismissal, which was entered on May 1, 1943. On May 4, 1943, the wife again returned to her home and sought admission, but was refused, on the ground, as now asserted, that her offer to return was not made in good faith. She thereupon again sought the good offices of her attorneys, and one of them conferred with one of the attorneys of the husband, who stated that the attitude of the husband was such that there was no possibility of a reconciliation.

On June 7, 1943, the wife filed her bill for separate maintenance, and for the privilege of visitation with the only child of the parties, a son, born on May 12, 1932, who was, and all the while has been, in the custody of the husband. On July 5, 1943, the husband filed his answer to the bill for separate maintenance. The answer went, in detail and at length, into the facts which, as the husband contended, disclosed that the wife had deserted her husband and had continued in that attitude and, therefore, was not entitled to prevail in her suit for separate maintenance, the answer by way of summary

concluding as follows: "Respondent denies . . . that she is entitled to any alimony whatever as she deserted respondent and her son, Neil, on June 20, 1942, and this desertion has now extended beyond one year."

The suit for separate maintenance came on for final hearing, on the issues presented by the bill and answer, at the September, 1943 Term of the court, and the witnesses were fully heard, with the result that on the 16th day of September, 1943, the court rendered and entered its final decree granting the relief prayed in the wife's bill, fixing the sum for her maintenance at $125 per month, and prescribing the terms of visitation with the child.

No appeal was taken from this decree, but on November 26, 1943, the husband filed his bill for a divorce charging cruel and inhuman treatment and desertion. The wife duly answered, denying all charges, and by way of plea in her answer set up the proceedings and decree in the separate maintenance suit as res adjudicata in bar of the subsequent divorce suit. The court nevertheless fully heard the divorce suit, and on July 10, 1944, entered a decree granting a divorce to the husband on the ground of desertion, the decree stating, and correctly so, that the facts did not warrant a divorce on the ground of cruelty. It is from this last decree that this appeal is taken.

In our earlier consideration of this case, we had given considerable attention to the question whether, under the facts, the husband's contention on the issue of desertion could be maintained, but having concluded upon further consideration that the plea of res adjudicata, fully proved, precludes us, we deal only with the plea.

It is to be noted that the suit filed by the wife on June 7, 1943, was one solely for separate maintenance. She did not in her bill, nor did the husband by cross-bill, pray for a divorce. As a general rule, even in cases of divorce, no alimony is allowed to a wife who has abandoned her husband and remains away without legal justification. 17 Am. Jur., p. 479; and see annotation and cases therein, 82 A. L. R., p. 542 et seq. Also Coffee v. Coffee, 145 Miss. 872,

111 So. 377. When the suit is for separate maintenance alone, the rule, as stated in 42 C. J. S., Husband and Wife, Sec. 640, p. 298, and cases under note 5, is that the wife will be denied a decree of separate maintenance where she has left or abandoned her husband and remains away without just cause. Judge Amis says on this subject, Amis on Divorce and Separation in Mississippi, p. 252, that in such a suit decision is best reached by recourse to the rules applicable to cases of desertion.

We have found no case wherein any exception to the rule as stated in the foregoing paragraph has been made, when the suit is brought by the wife solely for separate maintenance; and without the aid of statute it is difficult to see how any exception can be made under the equitable principle, applicable as well to a case such as this, that no person may maintain a suit the occasion or necessity for which has been brought about and continues by his or her own wrong. And if it may be said that there might be an exception where the wife has in her custody and is supporting the children of the parties, or where the property of the husband has been acquired through the wife's means or has been accumulated through definite and substantial contributions of her labor, or where some substantial similar equity operates in her favor, the complete answer thereto, so far as this case is concerned, is that there is no substantial fact in this record upon which any such suggested exception could be brought into view.

The determinative issue before the court in the separate maintenance suit, here involved, was, therefore, whether the wife was living apart from her husband, at the date of the decree in that suit, without legal justification; or to state that question in other words, and in brief, was she at that time a deserter. If she was, she was not entitled to a decree under the law. The court granted her a decree and this under the law was an adjudication that at the date of that decree she was not then a deserter, and no appeal having been taken, the decree stood and still

'stands as final and conclusive, except as it may be modified upon a petition presented for that purpose because of a material and substantial change of circumstances arising subsequent to the date of the decree. 42 C. J. S., Husband and Wife, Sec. 626, p. 270 et seq. Compare Amis on Div. & Sep., Sec. 194.

The great weight of authority is,—in fact, the cases are very nearly unanimous,—that a decree in a separate maintenance suit is conclusive, as res adjudicata, in a subsequent divorce suit, so far as concerns any issue which was litigated between the parties in the separate maintenance suit; and if the issue was decided in favor of the wife in that suit, it bars the husband in any subsequent divorce suit brought by him predicated on facts which were in existence at the time of the maintenance decree and which were put in issue, and decided in favor of the wife therein. 42 C. J. S., Husband and Wife, Sec. 628, p. 278, note 65, and see the elaborate annotation and the numerous cases therein cited 138 A. L. R., p. 346 et seq. Quoting Amis on Divorce and Separation, p. 414: "The reason for the rule is, that the former adjudication is always conclusive of the facts, and the rights of the parties based thereon, existing at the time it was rendered, and the court will not again review those facts to determine whether there was error in the decree—that is the province of an appellate court only." This is in accord with the general rule often reaffirmed by this Court, as in Cotton v. Walker, 164 Miss. 208, 144 So. 45; Fair v. Dickerson, 164 Miss. 432, 144 So. 238; Watkins v. Mississippi State Board of Pharmacy, 170 Miss. 26, 154 So. 277; Townsend v. Beavers, 185 Miss. 312, 188 So. 1, 189 So. 90; Commercial Credit Co. v. Newman, 189 Miss. 477, 198 So. 303.

Not only the pleadings but the transcript of the evidence in the separate maintenance suit; made a part of the present record, discloses as already mentioned, that the main issue between the parties therein was whether the wife was a deserter, and that issue having been de-

cided in her favor, the husband was barred of his suit for divorce filed sixty days thereafter predicated on the charge of desertion. Wherefore the decree in the subsequent suit must be reversed and vacated and the husband's bill for divorce dismissed.

On this question of res adjudicata, the husband has relied solely on Winkler v. Winkler, 104 Miss. 1, 61 So. 1, Ann. Cas. 1915C, 1250, a divorce case, wherein alimony was allowed the wife, although a decree of divorce was granted to the husband. There the wife had the custody of the four children of the parties, the eldest of whom was then only six years old, and the wife was attempting to support them out of her earnings of $6 a week. The decree was sustained by reason of the statute, Section 1673, Code 1906, Section 2743, Code 1942, which statute applies only in divorce cases. Suits for separate maintenance, wherein there is no prayer by bill or cross-bill for a divorce, are not based upon any statute, nor are such suits in anywise regulated by any statute in this state, but, as thoroughly discussed in Garland v. Garland, 50 Miss. 694, are lodged in the equity jurisdiction of the chancery court and are regulated by equitable principles independently of, and apart from, statutes on divorce. The Winkler case is, therefore, no authority in a case of separate maintenance.

Reversed, and decree here for appellant.

PER CURIAM: On suggestion of error.

After the filing of the record in this case, a motion was made by the appellant wife for an allowance to her for payment to her counsel for their services to her in this Court, but without any evidence in the form of affidavits or otherwise to support it save what was shown in the record of the trial. The trial court overruled the wife's motion for counsel fees made in that court on the ground that the wife's defense was not made in good faith and the court did not pass on the factual issue as to her necessities for such an allowance.

These incidental motions were overlooked by this Court in dealing with the merits, and the appellant wife by her suggestion of error filed in due time and addressed to the point has called attention to the omission, and in connection therewith the parties have in effect agreed that in the event appellee's suggestion of error on the merits is overruled, which has this day been done, the order of affirmance may be modified to the extent and to the extent only that the cause be remanded to the chancery court so that the chancellor may hear and determine the factual issues whether counsel fees should be allowed to the wife and that thereafter this Court may determine the question as to counsel fees in this Court.

We accede to the agreement to remand as to the issue of counsel fees and that issue only. There is authority to the effect that upon such a remand the trial court may adjudge the fees for the services both in that court and in the appellate court. See text and cases cited 27 C. J. S. Divorce, Sec. 221, pp. 921, 922. This has not been debated by counsel and we prefer not to commit ourselves presently to that doctrine as a rule. Inasmuch, however, as we ordinarily, although not always, allow for services in this Court fifty percent of the amount allowed by the trial court for services of counsel therein, and as we see no reason at this time why that allowance should not be made in this case, we now so adjudge, and acting upon the analogy furnished by Section 1972, Code 1942, and in order to make a reasonable disposition of this matter in the peculiar attitude in which it stands, we hereby authorize the chancellor to include in his decree an additional amount of 50% for services rendered in this Court provided he finds upon the factual issues that the wife is entitled to an allowance for counsel fees, his final order in the premises to be appealable as in other cases.

So ordered.