WILSON *v.* WILSON.

(In Banc. Nov. 24, 1947. Suggestion of Error Overruled Jan. 12, 1948.)

[32 So. (2d) 688. No. 36608.]

See also, 202 Miss. 541, 32 So. (2d) 686.

**Vollor, Teller & Biedenharn,** of Vicksburg, for appellant.

Brunini, Brunini & Everett and R. M. Kelly, all of Vicksburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

In the previous consideration of this case, see Wilson v. Wilson, 198 Miss. 334, 22 So. (2d) 161, 23 So. (2d) 303, the decree of divorce granted to the husband on July 10, 1944, was reversed and the cause was remanded but for no other purpose than that the Chancellor might fix an allowance to the wife to cover attorney's fees earned in the defense of that case. On the hearing on the remand held on November 11, 1946, the Chancellor denied any allowance, apparently on the theory that since the final decree on the divorce issue in the main case the wife had become able to pay the fees herself.

The question is not what and whether the wife has since become able to pay, if anything, but whether she was well able to pay while the proceedings for the divorce were in progress. If she was not able to pay at that time, it became and was the obligation of the husband to do so, and had he done it the payment would not have been subject to a refund had she subsequently become able to make such a refund. And it would not comport with equitable principles to permit a party to turn to his later advantage a failure by him to do earlier what he should have then done.

The record shows by the great weight of the evidence that the wife was unable to pay her attorneys at the time of the divorce proceedings, and it is immaterial whether she is able to do so now. We therefore make no examination from a factual viewpoint into the latter issue.

We pretermit the question whether the fees allowed on the main issue of divorce should include also the fees

earned on the issue presented. and heard as a result of the remand in Wilson v. Wilson, supra, that being a question which can be better debated and determined in the trial court when it has before it what we have above said on the main issue.

Reversed and remanded.