CASTLEBERRY *v.* CASTLEBERRY.

Apr. 21, 1952.

No. 38291 (58 So. (2d) 67)

Geo. Chaney, for appellant.

**Jno. B. Gee**, for appellee and cross-appellant.

**Roberds, P. J.**

The parties hereto were formerly man and wife. In June, 1941, a divorce was granted the wife and she was awarded custody of their two minor children. The chancery court, at various times, imposed, by decree, the obligation upon the father to contribute to the support and maintenance of the children, until finally, in February, 1948, that amount was fixed at $150 per month.

The husband, appellant here, paid that sum to August, 1950. The son, 18 years of age, had entered the military service of his country, and the daughter, then 20 years old, had gotten married.

In May, 1950, Mr. Castleberry filed a petition in this cause, asking the court to relieve him of the duty of making any more contributions to the support and maintenance of the children.

Mrs. Castleberry answered, resisted that petition, and then set up, by cross-petition, that she had paid out, or incurred obligation to pay, emergency and extraordinary expenses, such as hospital, doctor bills, etc., for the children the sum of $1,515.39 over and above the monthly

payments which have been made by the father under the decree of the court. She prayed for an order requiring appellant to pay to her said amount and also asked for solicitor's fees to her to enable her to resist the petition appellant had filed and to prosecute her cross petition.

On the hearing the chancellor relieved appellant of further duty to contribute anything to the support of his children; decreed that he should pay Mrs. Castleberry the sum of $676.13 of the amount she demanded as emergency payments, and denied her claim for solicitor's fees.

Both parties appeal. Appellant says that the chancellor had no power or authority to impose upon him the duty to pay any of the extraordinary obligations; that the former decree to contribute $150 to the support of the children was the limit of his liability and was res adjudicata of that question. It is shown that the son received a serious injury playing football and that the daughter was badly injured in an automobile wreck; that both children were in the hospital, the daughter being there several weeks; that, at least the amount of $676.13, consisted of cost of blood transfusions, hospital, doctor and medical bills, all extraordinary and unusual, and brought about by unexpected misfortunes, not ordinarily included within the normal support of the children. Appellant does not contend that ordinarily he would not be liable for these amounts as father of the children. He says the former decree having fixed that liability at $150 per month he could not, under any circumstances, become liable for a greater sum. We think the contention not well taken under the facts in this case. ▮▮ In the first place the decree rquiring monthly payments recites that the father "* * * be required to contribute in regular order a sum, or sums, of money for the support, maintenance and creature comforts of the two children * * * ". That wording does not include unexpected, emergency expenses resulting from sudden accidents and serious illness. In the second place, the chancery court

had the power to impose liability for such unusual, unforeseen, emergency obligations. Section 2743, Miss. Code 1942; Lee v. Lee, 182 Miss. 684, 181 So. 912; Russell v. Russell, 170 Miss. 364, 154 So. 881; Amis, Divorce and Separation, p. 321, Sec. 236. It is noted in the Russell case that it would be impossible to determine unexpected and emergency expenses.

Mrs. Castleberry, as cross-appellant, says the chancellor should have required appellant to pay more than the sum of $676.13. We cannot say the learned chancellor erred in that respect. We have indicated that to be chargeable against the father such expenses must be emergent, unexpected, unforeseeable and unusual. The various items disallowed by the chancellor consisted, in the main, of clothing and groceries for the children; wedding garments for the daughter, dry cleaning, laundry and meals for the children. The chancellor heard the evidence as to the nature and purpose of the various disallowed items, and we cannot say that he erred in not charging appellant with a larger sum.

The chancellor disallowed the wife solicitor's fees for contesting the petition of appellant and prosecuting her cross petition. We think this a proper case for allowance of such fees. The proof is undisputed that she had no means by which she could pay her attorney; that she had not paid him anything. Evidently her counsel undertook representation of her on the assumption the court would allow compensation for his services; otherwise, Mrs. Castleberry would have been without the services of an attorney. The record discloses that appellant was able to pay the fees of her attorney. She was entitled to such services. She defended and prosecuted in good faith. Hall v. Hall, 77 Miss. 741, 27 So. 636; Walters v. Walters, 180 Miss. 268, 177 So. 507; Gresham v. Gresham, 198 Miss. 43, 21 So. (2d) 414; Amis, supra, Sec. 178. She is entitled to such fees in a proper case, even though she be unsuccessful, including her contest in this court. McNees v. McNees, Miss. 24 So. (2d) 751.

The cause will be affirmed on direct appeal and reversed and remanded on cross-appeal. All questions are adjudicated and settled except the amount of the attorney's fees chargeable to the husband as herein indicated. When the chancellor fixes such fees he will include in his decree fifty percent thereof for services of Mrs. Castleberry's counsel rendered in this Court upon this appeal, this method having been adopted and approved in Wilson v. Wilson, 202 Miss. 545, 32 So. (2d) 688.

Affirmed on direct appeal and reversed and remanded on cross-appeal.

**Alexander, Hall, Holmes** and **Arrington, JJ.,** concur.