LINDSEY *v.* LINDSEY.

Jan. 11, 1954

No. 38986 48 Adv. S. 8 69 So. 2d 203

*Ernest Shelton, V. J. Stricker, Jr.*, Jackson, for appellant.

*Marvin A. Cohen, Jewelle Scales,* Jackson, for appellee.

Arrington, J.

The appellant, A. P. Lindsey, and the appellee, Mrs. Jewel Noblin Lindsey, were formerly husband and wife. On June 8, 1943, the appellant was granted an uncontested divorce from the appellee. The court awarded the custody of the two minor children to the mother; and allowed the sum of $150 per month as support and maintenance for the appellee and her two minor children, and other relief which is not necessary to mention herein.

On December 30, 1949, the appellant filed a petition for modification of the 1943 decree, in which he asked that he be relieved of the payment of the sum previously awarded for the support of his former wife and children due to the fact that one of the children had become of age and he was paying all the expenses of the other, a minor

daughter, who was then attending college. The chancellor modified the decree on February 6, 1950, by ordering that the appellant assume the responsibility of supporting his minor daughter; that he pay the appellee the sum of $50 per month as support and maintenance and further ordered that with the exception of the above modifications the decree of June 8, 1943, was continued in full force and effect, subject to the further orders of the court.

On September 11, 1952, the appellee herein filed her petition for modification of the 1950 decree, in which she asked for past due installments of alimony provided by the 1950 decree for her support and maintenance, for an increase therein, and for attorney's fees. On October 22, 1952, the appellee filed an amendment to her petition on account of illness suffered subsequent to the filing of the original petition, in which she prayed for additional relief. She alleged that on the advice of her physician, she was confined to the Baptist Hospital for observation and treatment; that she had been advised that she would have to have constant medical care and treatment over a long period of time and due to her illness, she was forced to incur additional expenses in the amount of $161.84.

The appellant answered, and admitted that he was in arrears in alimony payments and admitted that certain deductions had been made, but denied that there was any material change in circumstances since the modified decree of February 6, 1950.

According to the testimony of the appellee, she is over 50 years of age and has no property other than an undivided one-half interest in the home which she occupies, her children owning the other one-half interest therein; that her income never exceeds $60 per month, which is derived from the rental of rooms in the home. The doctor testified that the appellee is suffering from arthritis, heart trouble, and other serious complications, which

renders it necessary that she should be seen at least once a week; that it is necessary that she take certain drugs and that in her present condition, she will have to spend approximately $25 per month for medical expenses.

After hearing the evidence, the court, in its opinion, found that there had been many changes in the circumstances; that the petitioner had become ill and had incurred considerable medical expenses, and that from the evidence before the court, she would have additional doctors' bills and medical expenses out of the ordinary for some months to come; that the financial situation of the appellant had not changed materially since the modified decree was entered on February 6, 1950. The chancellor relieved the appellant from making any payments on the home, which had been required by the former decree. Based upon these changed conditions, the court entered a decree in part as follows:

"The respondent, A. P. Lindsey, shall pay immediately to the petitioner, Mrs. Jewel Noblin Lindsey, the sum of Five Hundred Dollars ($500.00), as a lump sum settlement for all sums that may be due her under the terms and provisions of said former decrees, and for application on her medical bills and other debts. The respondent also shall pay immediately to the petitioner the sum of One Hundred and Fifty Dollars ($150.00), for attorneys' fees in this matter * * *. The respondent, A. P. Lindsey, shall pay to Mrs. Jewel Noblin Lindsey, on the 1st day of January, 1953, and on the first day of each month thereafter, until further orders of this court, the sum of One Hundred Dollars ($100.00) for her support and maintenance as a monthly allowance. * * * The court expressly retains jurisdiction of this cause for the purpose of making such further orders and decrees herein as circumstances and conditions may later warrant." From this decree the appellant appeals and the appellee cross-appeals. The appellee waives cross-appeal in view of the appellant's sole assignment of error.

The only assignment of error argued is that the court erred under the facts and circumstances of this case in requiring the appellant to pay a solicitor's fee to his former wife in an unsuccessful attempt to have her alimony increased. It is the appellant's contention that after a divorce and an award of permanent alimony, the woman, being no longer the wife of the other party, is not entitled to an allowance for services rendered by her counsel in an effort to have the alimony increased, relying upon the case of Robinson v. Robinson, 112 Miss. 224, 72 So. 923. In that case, there was a settlement of the alimony in a gross sum which constituted a final settlement. The Court there said: "Not only was there an absence of those obligations imposed by the marriage ties, but appellee in her very motion shows that she has a separate estate derived from the husband as a part of the gross sum awarded as permanent alimony. Our court has expressly held that this constitutes 'a settlement between the husband and the wife as to the extent of the husband's duty to contribute to her maintenance and support,' and that the decree awarding a lump sum as permanent alimony 'is final after the term at which it is rendered.' Guess v. Smith, 100 Miss. 457, 56 So. 166, Ann. Cas. 1914A, 300." This case is not in point and not applicable to the case at bar.

Sec. 2743, Mississippi Code of 1942, provides: "When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."

In Williams v. Williams, 127 Miss. 627, 90 So. 330, the Court, in construing the language of the statute above quoted, held that the statute "does not authorize the court to set aside a decree at a former term and render another in lieu thereof, but only to change and modify the terms of a former decree in accordance with the after-arising circumstances of the parties."

In Amis, Divorce and Separation, Sec. 201, p. 268, it is said: "The only marital right that ever survives the wreck of an absolute divorce, is the right of the wife, in a proper case, to demand that the husband continue to perform his legal marital duty to support her. Code 1390, Section 1423 (Sec. 2743, Code of 1942)."

In the case of Lee v. Lee, 182 Miss. 684, 181 So. 912, the Court said: "Section 1421 provides, among other things, for the allowance of alimony to the wife, and that the court may afterwards, on petition of the husband, change the decree and from time to time make such new decree as the case may require. Under this section no alimony decree is ever a final judgment, it is always open to change."

This Court, in the case of Walters v. Walters, 180 Miss. 268, 177 So. 507, held that this statute authorized attorneys' fees to a divorced wife in a suit involving support money for a child after a final decree of divorce. "This brings us to the allowance to the appellee of an attorney's fee in the court below and her request for a similar allowance in this court. Section 1421, Code of 1930, does not expressly provide for such a fee, but it does by necessary implication. It provides that 'the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.' It contemplates that the children shall be supported by the father if necessary, and the change in the former decree here requested is for the benefit of the child and not of its mother. If, as here, the mother is unable to support the child and cannot, as here herself prepare or

present a petition for its support by the father, and, as here, is without the means to employ an attorney so to do, the child would suffer, the very thing the statute was designed to prevent. In order for the court to carry out the purpose of the statute as to the support of a child, it must be presented with a petition therefor, and unless in cases such as the one here the court may award compensation to an attorney therefor, the purpose of the statute would be defeated. Its necessary implication, therefore, is that, in order to obtain the presentation to it of such a petition, the court may impose on the father an obligation to pay the expenses incident thereto, a necessary part of which is an attorney's fee. 'That which is implied in the statute is as much a part of it as that which is expressed.' 59 C. J. 973; 2 Sutherland, Statutory Construction (2 Ed.), Section 500; United States v. Babbit, 1 Black. 55, 17 L. Ed. 94; Peets v. Martin, 135 Miss. 720, 101 So. 78.''

 We see no reason why the construction of this statute as held in the above case should not be applied in a proper case where the wife, due to changed conditions, seeks a modification of the decree, just as it does when she seeks to modify the decree for the support of her minor children, or resists a petition for modification of the decree, whether on behalf of herself or her minor children. The granting of the attorney's fee under the facts of this case was justified.

The Court, in the case of Castleberry v. Castleberry, 214 Miss. 94, 58 So. 2d 67, in a case similar to the case at bar, and what was said there is equally applicable here, said: ''We think this a proper case for allowance of such fees. The proof is undisputed that she had no means by which she could pay her attorney; that she had not paid him anything. Evidently her counsel undertook representation of her on the assumption the court would allow compensation for his services; otherwise, Mrs. Castleberry would have been without the services of an attor-

ney. The record discloses that appellant was able to pay the fees of her attorney. She was entitled to such services. She defended and prosecuted in good faith. Hall v. Hall, 77 Miss. 741, 27 So. 636; Walters v. Walters, 180 Miss. 268, 177 So. 507; Gresham v. Gresham, 198 Miss. 43, 21 So. 2d 414; Amis, supra, Sec. 178. She is entitled to such fees in a proper case, even though she be unsuccessful, including her contest in this court. McNees v. McNees, (Miss.), 24 So. 2d 751.''

The appellee filed a motion for an allowance of attorney's fees in this court, which was passed until the case was heard on its merits. In accordance with the rule followed by this Court, the motion for attorney's fees will be sustained and allowed in the amount of $75, being one-half of the amount allowed in the court below.

Affirmed.

*McGehee, C. J.*, and *Kyle, Ethridge* and *Lotterhos, JJ.*, concur.