## PETERSEN *v.* PETERSEN.

No. 41358          February 22, 1960          118 So. 2d 300

*Philip Mansour,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellee.

Holmes, J.

On September 19, 1958, the appellee, Doris N. Petersen, filed her original bill in the Chancery Court of Washington County against her husband, Donald F. Petersen, seeking a divorce from her said husband upon the grounds of habitual cruel and inhuman treatment, the custody and support of two minor children born of the marriage, counsel fees, and other relief. The appellant wholly denied the right of the appellee to any relief. The testimony is voluminous and we shall not undertake to detail it further than may be necessary to a proper disclosure and understanding of the issues involved.

The parties were married in Napa, California on April 21, 1944. Sometime thereafter they acquired a residence in Washington County, Mississippi, where at the time of the institution of this suit the appellant had been employed by the Tennessee Gas Transmission Company for about fourteen years. They owned as tenants in common a home in Washington County which the appellant had acquired through a GI loan, and on which there was a deed of trust securing a balance of $5946 on which payments accrued at the rate of approximately $62 per month. The appellee was employed by Reed Joseph in Greenville at a salary of $54 per week, from which her take home pay was approximately $47 per week. The salary of the appellant was from $500 to $550 per month, from which his take home pay amounted to approximately $350. The appellant had acquired 596

shares of the capital stock of the Tennessee Gas Transmission Company. The appellee claimed one-half of this stock as a gift from her husband. The stock was originally issued in the name of the appellant but was reissued by direction of the appellant to the appellant and appellee as joint tenants with the right of survivorship. The appellant contested the right of the appellee to one-half of this stock, and during the progress of this proceeding, placed the stock in the hands of his counsel and thereby rendered the same unavailable to the appellee. A dividend check issued on the stock in the amount of $208.60 was likewise withheld from the appellee by the appellant and placed in the custody of his counsel, which rendered it unavailable to the appellee during the progress of this proceeding.

According to the proof as found to be true by the chancellor, the appellee was without means available to her to provide counsel fees except her salary which was, according to the finding of the chancellor, insufficient to support the appellee and to provide such counsel fees.

The proof for the appellee on the issue of the right of the appellee to a divorce, which proof was manifestly accepted by the chancellor, showed that the appellant over a period of months had been guilty of habitual cruel and inhuman treatment of the appellee in that the appellant had on several occasions slapped the appellee; on one occasion had given her a black eye; on another occasion had hit her on the head with the butt of a shotgun causing her hospitalization for about a week; had threatened to kill her and the children, and had repeatedly over a period of months made false accusations of infidelity, charging her with running around with other men and particularly with adultery with one Clarence Sims, causing the appellee to become a ''nervous wreck'' and to be apprehensive of further physical harm and violence if she continued to live with him.

The appellant admitted that he had slapped the appellee on one occasion, and had hit her on the head with

a shotgun, and had accused her of infidelity and running around with other men, and of adultery with one Clarence Sims, but he claimed that he was provoked to this action by the improper conduct of the appellee.

On September 25, 1958, a vacation hearing was had on the issue of the temporary custody and support of the children. This hearing resulted in the rendition of a decree awarding the temporary custody of the children to the appellee and directing that the appellant pay to the appellee until the further orders of the court for the support and maintenance of the children the sum of $150 per month, subject to the following provisions:

"Provided, however, that if the complainant receives one-half of the dividend check of Tennessee Gas Transmission Company, which is in the total amount of $208.60, and further receives one-half of the proceeds of the sale of 46 shares of the capital stock of said company, then the defendant shall be relieved of any further responsibility for making such monthly payment to complainant for the support and maintenance of said children until a further hearing in this cause."

The final hearing of the cause was then set for November 10, 1958. On that date a consent decree was entered providing as follows: "It is therefore ordered, adjudged and decreed that pending a final hearing of this cause, the complainant, Doris N. Petersen, shall retain the temporary custody of said two minor children; that the defendant, Donald F. Petersen, be and he is hereby directed to pay to the complainant on the first day of each month hereafter, beginning on the 1st day of December 1958, and until further order of this court, the sum of $150 for the temporary support and maintenance of said minor children. . . ." The final hearing of the cause was then continued to the March 1959 term of the court.

On the final hearing of the cause the court rendered its decree awarding to the appellee a divorce and the

permanent custody of the two children, directing appellant to pay $100 per month for the support of said children, $450 in arrears under the decree of November 10, 1958, and $400 as counsel fees. The final decree of the chancellor further adjudged the appellee to be the owner of one-half of the aforesaid stock of the Tennessee Gas Transmission Company, and made other provisions therein, among them being the following: In the event the defendant shall pray and be granted an appeal herein with supersedeas, the decree entered in this cause on November 10, 1958 directing defendant to pay to complainant $150 per month for the temporary support and maintenance of said two minor children shall remain in full force and effect pending such appeal, and defendant is required to pay said amount to complainant for said purpose each month during such appeal.'' From this final decree the appellant appeals.

■■■ The appellant contends first that the trial court erred in finding and holding that he had made a valid gift of one-half of the stock of the Tennessee Gas Transmission Company to the appellee. The essential elements of a gift inter vivos are set forth in 38 C. J. S., Gifts, page 786, et seq., and are capacity, intention, and delivery. The capacity of the appellant to make a valid gift of one-half of the stock to the appellee and the capacity of the appellee to accept the same cannot be seriously questioned under the proof. The proof was in conflict. The appellee testified that the appellant some six weeks prior to their first separation gave her one-half of said stock and had the same reissued in the name of the appellant and the appellee as joint tenants with the right of survivorship. The appellant admitted on the witness stand, however, that appellee owned one-half of the stock and that ''she had earned it.'' There was testimony of other witnesses to the effect that the appellant had stated to them or in their presence that he had given the stock to the appellee. ■■■ The chan-

cellor found from this conflicting proof that the appellant had given the appellee one-half of the stock and that she was the owner of the same, and we would not be warranted under the evidence in this case in saying that the chancellor was manifestly wrong in so finding and in so adjudicating.

██ ■ The appellant further contends that the trial court erred in granting to the appellee a divorce. We are clearly of the opinion that this contention cannot be successfully maintained. The chancellor manifestly found as true the testimony of the appellee with respect to the appellant's treatment of her during the marriage relations. The facts so testified to by the appellee are clearly sufficient to constitute habitual cruel and inhuman treatment and therefore entitled the appellee to a divorce. Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756; McBroom v. McBroom, 214 Miss. 260, 58 So. 2d 831. We therefore find no error in the action of the trial court in granting to the appellee a divorce.

██ ■ The appellant further contends that the court erred in awarding counsel fees to the appellee. Under the appellee's proof, which the chancellor found to be true, it was clearly shown that appellee's one-half interest in the stock was being withheld from her by the appellant and was not available to her for the purpose of providing counsel fees, and that the only means available to her was her salary which was inadequate to support her and to provide counsel fees. On the other hand, the financial ability of the appellant to provide counsel fees is apparent from the evidence. In addition to the stock which he owned in the Tennessee Gas Transmission Company, he had a retirement fund which had accumulated in the hands of his employer in the sum of $5,000, and which sum he withdrew following his final separation from his wife after hitting her on the head with the butt of a shotgun. ██ ■ The chancellor found, and was clearly justified in his finding, that the ap-

pellee was without financial means to provide counsel fees whereas the appellant was financially able to do so. The chancellor, therefore, was warranted in awarding counsel fees to the appellee and in our opinion committed no error in so doing. Sections 5.07 and 5.08, Bunkley & Morse's Amis on Divorce and Separation in Mississippi; Walters v. Walters, 180 Miss. 268, 177 So. 507.

██ ██ It is further contended by the appellant that the trial court erred in requiring the appellant to pay the arrearage of $450 which had been accumulated under the decree dated November 10, 1958. The decree of November 10, 1958 unconditionally directed the appellant to pay to the appellee for the support of the children the sum of $150 per month until the further order of the court. It is undisputed that when the case came on for final hearing at the March 1959 term of the court the appellant was delinquent in the monthly payments becoming due for the months of January, February and March, aggregating a total sum of $450. The obligation of the appellant under the decree to pay said sum for the months of January, February and March had become fixed and clearly the appellant was obligated to pay the same, and the trial court, in our opinion, committed no error in requiring such payment.

██ ██ The appellant further contends that the trial court erred in providing that the decree of November 10, 1958 awarding child support in the sum of $150 per month should remain in effect pending the appeal with supersedeas from the final decree in the event such an appeal should be taken. It is argued by the appellant that this provision of the final decree amounted to ''legal coercion'' for the purpose of discouraging the appellant from taking an appeal. We do not think so. The consent decree entered on November 10, 1958 expressly directed the appellant to make the payments of $150 per month for the support and maintenance of the children. All that the final decree did was to continue in effect

this decree of November 10, 1958 during the pendency of any appeal with supersedeas which the appellant might prosecute from the final decree. The chancellor did not base his allowance in the final decree of $100 per month upon the action of the appellant in refraining from prosecuting an appeal. The final decree simply provided that in the event of an appeal with supersedeas the vacation decree of November 10th should remain in full force and effect. The purpose of this action on the part of the chancellor was, of course, to provide support for the children during the further pendency of this suit on appeal. It is our opinion that his action in this regard was clearly justified under the facts of this case.

For the reasons hereinbefore stated, it is our conclusion that the record contains no reversible error and that the decree of the court below should be affirmed.

Affirmed.

All justices concur, except *Roberds, J.*, who took no part.