276 So.2d 449 (1973)
James H. CAMERON, Defendant-Appellant,
v.
Lynne McCreight CAMERON, Complainant-Appellee.
No. 47059.
Supreme Court of Mississippi.
April 9, 1973.
*450 Minniece, Hamilton, Neville & Hamill, Pros. Atty., Snow, Covington, Temple & Watts, Meridian, for defendant-appellant.
Irvin L. Martin, Jr., Meridian, for complainant-appellee.
PATTERSON, Justice:
This is an appeal from that portion of a decree which increased prospectively the support payments of the father for his two children and which awarded payment of attorney's fees to their mother. The assignments urged are that the Chancery Court of Lauderdale County erred in modifying the payments since there was no material change of circumstances subsequent to the original decree and the court erred in directing the payment of attorney's fees because the appellee had sufficient funds therefor.
The record does not reveal and the chancellor did not find there was a material change of circumstances in the appellant's financial status since the entry of the original decree. The increase of support payments one year and four years from the date of the modifying decree was error in the absence of a change of circumstances. Hooker v. Hooker, 205 So.2d 276 (Miss. 1967), and Howard v. Howard, 191 So.2d 528 (Miss. 1966). See also Bunkley & Morse's Amis, Divorce and Separation in Mississippi, § 6.11, p. 193 (1957).
The record does not disclose the appellee to be unable to pay her attorney. In fact, it indicates that she was as financially capable of payment, if not more so, than was her former husband. Under these circumstances the award was error. In Bunkley & Morse's Amis, Divorce and Separation in Mississippi, section 5.08 (1957), it is correctly stated that the same criterion for an award of attorney's fees exists at the time of modification of a decree as exists at the time of the divorce decree. Lindsey v. Lindsey, 219 Miss. 540, 69 So.2d 203 (1954); Castleberry v. Castleberry, 214 Miss. 94, 58 So.2d 67 (1952); Gresham v. Gresham, 199 Miss. 778, 25 So.2d 760 (1946), and Walters v. Walters, 180 Miss. 268, 177 So. 507 (1937).
In view of these authorities the cause is reversed and rendered.
Reversed and rendered.
GILLESPIE, C.J., and INZER, SMITH and ROBERTSON, JJ., concur.