279 So.2d 654 (1973)
Mrs. Theda Fay Hatcher PEARSON, Complainant-Appellant,
v.
Wilbur Eddie HATCHER, Sr., Defendant-Appellee.
No. 47174.
Supreme Court of Mississippi.
June 25, 1973.
Michael J. Malouf, Jackson, for complainant-appellant.
Eaves & Eaves, Louisville, for defendant-appellee.
PATTERSON, Justice:
Theda Fay Hatcher Pearson filed a petition in the Chancery Court of Neshoba County against her former husband for citation for contempt as well as a separate *655 petition for modification of a prior decree concerning the support and maintenance of her two minor children.
The petitions, consolidated for trial, resulted in a decree dismissing the petition for citation for contempt although increasing the award for the support of the children. Attorney's fees were denied. Aggrieved by this decree, Mrs. Pearson appeals to this Court contending the trial court erred in not finding the appellee in contempt of court, erred by awarding an insufficient sum for the support of the minor son of the parties and erred in denying attorney's fees.
The appellant and appellee were divorced in 1957. The terms of the divorce decree awarded custody of the two minor children of the parties to the appellant and directed the appellee to contribute $50 per month for their support. The present petitions were filed in October 1971 and alleged substantially that the appellee was to have paid $4200 for child support during the past seven years and that he has paid only $750, leaving $3450 in arrears. It was also alleged that due to the increase in the ages of the children an increase in the amount of child support was necessary and reasonable.
The appellee by his answer denied in general terms that the needs of the children had increased and averred he had made regular payments for their support under the early decree and denied that he was in contempt of court. By way of further answer he stated that an agreement was reached between appellant and himself whereby she agreed to accept $30 per month for the support of the children in lieu of the $50 award.
The trial court, at the conclusion of the hearing, found the appellee to be in default on his payments, but refused to find him in contempt for the reason the petitioner failed to prove the exact amount alleged to be in arrears. It did increase, however, the child support to $75 per month for Anita Fay Hatcher and directed that $35 per month be paid for the support of Eddie Hatcher, Jr., but denied attorney's fees.
The first argument for reversal is that the court erred in not adjudicating the appellee to be in contempt of court and in not finding the amount of support money in default. In Howard v. Howard, 191 So.2d 528, 532 (Miss. 1966), we stated:
... In passing on the question of whether appellant was in contempt, the chancellor first had to determine whether appellant was in default in his payments. Having found that he was in default, the chancellor then had to determine the amount, in order to determine whether appellant was in contempt for failure to pay all or any part of the amount in arrears... .
The purpose of the law in requiring the amount in default to be adjudicated is that it is a prerequisite to the determination of contempt which is governed by the present ability of the person charged with being in arrears to pay. In Gibson v. Clark, 216 Miss. 430, 437, 62 So.2d 585, 587 (1953), we stated:
It has frequently been stated in cases of this kind that the person charged with contempt has the burden of proving his inability to make the payments directed. Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A.L.R. 712. Nevertheless, when the entire record indicates, as it does here, that the person found guilty of contempt probably has insufficient means to make the payment required, and when the question of present ability to pay has not been adequately developed in the proof, a case should be remanded in order that an amount within the ability of the person to pay, may be fixed... .
We conclude that the trial court erred in not adjudicating the amount of support money in default so that the appellee's present ability to pay the sum might be adjudged. We do not reach the question of whether the trial court erred in declining to *656 find the appellee in contempt. We think this should be determined on his present ability to pay when the amount in default is determined on remand.
The next point argued for reversal is that the amount awarded for the minor son of the parties is inadequate. The attorneys in their arguments before this Court announced that the daughter of the parties has married since the lower court trial. She is therefore emancipated and her father is relieved of the legal duty for her support. In view of this change in circumstance it presently seems that the sum of $35 for the support of the minor son is inadequate and should be given reconsideration upon remand.
Finally, we conclude that the appellant was entitled to an award of attorney's fees. As mentioned above, this appeal emanates from the consolidation of two petitions, one for contempt and one for modification of a former decree. If on rehearing the appellee is found to be in contempt of court for failure to abide by the terms of the former decree, we think it necessarily follows that the attorney's fee should be assessed against the person violating the decree and surely not against the party seeking to uphold it. The dignity and strength of the Court through the enforcement of its decrees require nothing less.
The duty of the father to support his children is absolute though it is shared with the mother. However, when the responsibility of support by the father is reduced to judgment by order of the court, it is his duty to comply therewith. In the event of default of payments though it is not accompanied by a finding of contempt due to present inability to pay or for other reasons, attorney's fees nevertheless are the responsibility of the father. Otherwise the responsibility of support could be diminished by the inability of the mother to obtain an attorney. See Walters v. Walters, 180 Miss. 268, 177 So. 507 (1937).
The criterion for an award of attorney's fees on the petition to modify differs from that mentioned in the previous paragraph. The award of such fees should be made if the court finds on the petition for modification that the appellant is unable to pay this fee. See Cameron v. Cameron, 276 So.2d 449 (Miss. 1973); Lindsey v. Lindsey, 219 Miss. 540, 69 So.2d 203 (1954); Castleberry v. Castleberry, 214 Miss. 94, 58 So.2d 67 (1952); Gresham v. Gresham, 199 Miss. 778, 25 So.2d 760 (1946); and Walters, supra.
Reversed and remanded.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.