CARLTON, J.,
concurring in part and dissenting in part:
¶ 21. I respectfully concur in part and dissent in part with respect to the majority’s opinion. I concur with the majority’s decision affirming the chancellor’s award of physical custody of the parties’ four minor children to Dana. However, since I find no abuse of discretion by the chancellor in his award of attorney’s fees to Dana, I would also affirm this decision.[3] See Miss.Code Ann. § 9-1-41 (Rev.2002);[4] I also respectfully submit that Shain failed to preserve for appellate review his claim that insufficient evidence or findings support the chancellor’s award of attorney’s fees by failing to object, failing to request reconsideration or amended findings, and by failing to request a new trial or relief from the judgment.[5] I therefore dissent in part from the majority opinion as to this issue.
¶ 22. Here, the complaint shows that Dana claimed an inability to pay her attorney’s fees, and her complaint requested that the court order Shain to pay all attorney’s fees and costs of court. Shain denied Dana’s averment, and in his counter-complaint, Shain also asserted that the trial court should award him, not Dana, reasonable attorney’s fees. In satisfying the factual findings required by precedent and equity, the chancellor first determined that Dana lacked ability to pay her attorney’s fees. See Lindsey v. Lindsey, 219 Miss. 540, 544, 69 So.2d 203, 204 (1954) (chancellor must find inability to pay to support an award of attorney’s fee award in a divorce case); 7 Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 8:68, at 260 (2001) (award of attorney’s fee in divorce case must be supported by finding that requesting party lacked ability to pay).
¶ 23. With respect to reasonableness of the amount of the attorney’s fee award, the Legislature established in Mississippi Code Annotated section 9-1^1:
*84 [T]he court shall not require the party-seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court’s own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.
The Legislature last amended section 9-1-41 in 1990. Previously, in Cheatham v. Cheatham, 537 So.2d 435, 440 (Miss.1988), the supreme court recognized that McKee set forth the following factors for the chancellor to consider as guidelines when determining an appropriate amount of fees sufficient to employ one competent attorney:
[RJelative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
¶ 24. Here, the record shows that the chancellor followed the statutory provisions of section 9-1-41 and also considered the McKee factors. Consistent with section 9-1-41, the chancellor applied his experience and observation to the information before the court in determining the reasonableness of the amount of attorney’s fees required to procure one competent attorney in that community for this case.[6] See Gulf City Seafoods, Inc. v. Oriental Foods, Inc., 986 So.2d 974, 978-79 (¶ 18) (Miss.Ct.App.2007) (identifying section 9-1-41 as Mississippi’s law governing reasonableness of attorney’s fees).
¶ 25. As stated, in the judgment granting the divorce, the chancellor found Dana lacked the income or financial resources to employ an attorney. In addressing Shain’s counter-complaint for attorney’s fees, the chancellor determined that Shain possessed sufficient assets and income to enable him to pay attorney’s fees for his representation. Consistent with precedent and section 9-1-41, the chancellor then found that in light of Dana’s inability to pay, equity required that he order Shain to pay for Dana’s attorney’s fees. The chancellor then determined that, after taking into consideration the court’s familiarity with the time and work necessary to properly and adequately represent a party in a child-custody dispute such as this ease, an appropriate attorney’s fee to be paid for and on behalf of Dana would amount to $2,500.
¶ 26. The record reflects that the complaint was filed in April 2010. The record also shows that motions for continuance were filed, as well as a motion and an amended motion for temporary relief. The record shows that a notice of hearing and amended notice of hearing were filed and a temporary order issued. Discovery was served, and Dana filed a motion to compel discovery responses from Shain. As noted above, the record reflects Shain *85 filed a counterclaim and answered Dana’s complaint for divorce on March 15, 2012. The judgment of divorce was entered on April 6, 2012, and a consent to submit certain issues to the court for adjudication was filed. Sham’s testimony in the record also shows that a restraining order was entered. The record shows that during the course of litigating this case, the chancellor reviewed evidence of the extensive financial information of the parties. See Miss.Code Ann. § 9-1-41 (allowing court to make decision based upon evidence before the court).
¶ 27. In this case, the chancellor clearly found that Dana lacked the ability to pay her attorney’s fees.[7] The record shows that the chancellor rendered such a finding of inability to pay on behalf of Dana, and as noted, information before the court supports that finding by the chancellor. After finding Dana lacked financial ability to pay her attorney, the chancellor stated that taking the court’s familiarity with the time and work necessary to properly and adequately represent a party in a child-custody dispute such as the present matter, an appropriate fee would amount to $2,500.[8] Additionally, the comments by the chancellor reflect that he considered the factors set forth in McKee in determining the fee sufficient in this case to employ one competent attorney in that community. I find the chancellor’s decision consistent with section 9-1^1 and precedent. The record reflects that the chancellor considered his knowledge of the complexity of this domestic-relations case based upon the information before the court and the court’s observation and experience as to the customary charge for a competent attorney in that community. Shain, as the appellant, fails to identify an abuse of discretion or insufficiency in the chancellor’s award of attorney’s fees. I also note that Shain failed to raise a question about the fee or its sufficiency below with the trial court. See Williamson v. Williamson, 81 So.3d 262, 276 (¶¶ 29-30) (Miss.Ct.App.2012) (issue of insufficiency of evidence in support of attorney’s fee award waived on appeal for failure to object to issue before trial court); McCarrell v. McCarrell, 19 So.3d 168, 172 (¶ 17) (Miss.Ct.App.2009) (waiver of issue of sufficiency of findings in support of attorney’s fee award); Concannon v. Reynolds, 878 So.2d 107, 108-09 (¶¶ 6-8) (Miss.Ct.App.2003) (refusing to review reasonableness of attorney’s fee award on appeal where appellant failed to move for amended finding, new trial, or relief from judgment). I therefore find no abuse of discretion in the chancellor’s award of attorney’s fees. Accordingly, I concur in part and dissent in part.

. See also McKee v. McKee, 418 So.2d 764, 767 (Miss.1982) (An award of attorney's fee in divorce case to a party must be supported by findings and evidence showing the requesting party is unable to pay; McKee sets forth factors for the court to follow to use as guidelines in determining an appropriate fee.); Lindsey v. Lindsey, 219 Miss. 540, 544, 69 So.2d 203, 204 (1954) (acknowledging chancellor’s authority to award attorney’s fees in divorce cases where equity requires such).

. See also Regency Nissan Inc. v. Jenkins, 678 So.2d 95, 103 (Miss.1995) (Supreme court recognized that an abuse-of-discretion standard of review applies to review of attorney’s fees, and found that the appellant failed to show how the award constituted an abuse of discretion; the appellant unsuccessfully argued that the trial court erred because it failed to comply with the United States Court of Appeals for the Fifth Circuit's requirements for establishing the reasonableness of attorney's fees.); Williamson v. Williamson, 81 So.3d 262, 276 (¶¶ 29-30) (Miss.Ct.App.2012) (finding appellant failed to preserve his claim of insufficiency-of-evidence supporting attorney’s fee award by failing to object before trial court; abuse-of-discretion standard applies on appeal for review of award of attorney's fees).

. See Williamson, 81 So.3d at 276 (¶¶ 29-30) (issue of insufficiency of evidence in support of attorney's fee award waived on appeal for failure to object to issue before trial court); McCarrell v. McCarrell, 19 So.3d 168, 172 (¶ 17) (Miss.Ct.App.2009) (waiver of the issue of sufficiency of findings in support of attorney’s fee award); Concannon v. Reynolds, 878 So.2d 107, 108-09 (¶¶ 6-8) (Miss.Ct.App.2003) (refusing to review reasonableness of attorney’s fee award on appeal where appellant failed to move for amended finding, new trial, or relief from judgment).

. In Mauck v. Columbus Hotel Co., 741 So.2d 259, 269-70 (¶ 32) (Miss.1999), the supreme court recognized that the reasonableness of an attorney's fee award lies within the court’s discretion. The supreme court also stated that the McKee factors serve as a guide for determining the reasonableness of the award; and. that the Legislature gave guidance to the courts in determining the reasonableness of attorney's fees by instructing courts to make the award based on information already before them and the courts' own opinions based upon experience and observation. Id. See Miss.Code Ann. § 9-1-41.

. As stated, the jurisprudence pertaining to an award of attorney’s fees in domestic cases indeed requires that to support such an award, the chancellor must factually determine a party's inability to pay.

. As acknowledged, section 9-1-41 allows the chancellor to base his orders upon evidence in the record.