# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-00925-SCT

*DIANA KINSEY, ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF TED WATKINS, DECEASED*

*v.*

*PANGBORN CORPORATION; ASH GROVE CEMENT COMPANY; PRECISION PACKAGING, INC.; CLARK SAND COMPANY, INC.; CLEMCO INDUSTRIES CORPORATION; HANSON AGGREGATES, INC.; HUMBLE SAND & GRAVEL, INC.; PARMELEE INDUSTRIES, INC.; SOUTHERN SILICA OF LOUISIANA, INC.; MINE SAFETY APPLIANCES COMPANY (MSA); EMPIRE ABRASIVE EQUIPMENT CORPORATION; PEARL SANDS, INC.; PEARL SPECIALTY SANDS, INC.; SPECIALTY SAND COMPANY; BOB SCHMIDT, INC.; SCHMIDT MANUFACTURING, INC.; LONE STAR INDUSTRIES, INC.; AND AMERICAN OPTICAL CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2010 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN TIMOTHY GIVENS |
| | TIMOTHY W. PORTER |
| | PATRICK C. MALOUF |
| | ROBERT ALLEN SMITH, JR. |

ATTORNEYS FOR APPELLEES: JENNIFER JONES SKIPPER
FRED KRUTZ, III
EDWIN S. GAULT, JR.
MATTHEW ROBERT DOWD
CHARLES R. WILBANKS, JR.
KATHARINE MCKEE SURKIN
RONALD G. PERESICH
W. MARK EDWARDS
RANDI PERESICH MUELLER
GEORGE MARTIN STREET, JR.
W. WRIGHT HILL, JR.
JEFFREY PIERCE FULTZ
HAL LORING ROACH, JR.
KIMBERLY PAIGE MANGUM
DAVID A. BARFIELD
WALTER T. JOHNSON
JOSEPH GEORGE BALADI
ROBERT B. IRELAND, III
WADE G. MANOR
JAMES SCOTT ROGERS
CLYDE LAVEL NICHOLS, III

NATURE OF THE CASE: CIVIL - WRONGFUL DEATH
DISPOSITION: AFFIRMED - 11/03/2011
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.    The "Last Will and Testament" of Ted Watkins, dated December 6, 2000, named his ex-stepdaughter, Diana Kinsey, to serve as the executrix of his estate and "will[ed], devis[ed], . . . and bequeath[ed] all of [his] property" to her.[1] Following Watkins's death in July 2003, Kinsey was formally appointed executrix of Watkins's estate in October 2003.

---

[1]In the event that Kinsey did not survive Watkins, the "Last Will and Testament" specified that all property would be "will[ed], give[n], devise[d] and bequeath[ed]" to Watkins's four adult children.

2

In May 2004, Watkins's estate was closed and Kinsey was discharged as executrix. In April 2007, Kinsey filed a wrongful-death action against various silica-related entities in the Circuit Court of Harrison County, Mississippi, First Judicial District ("circuit court"). Upon the defendants' motions, the circuit court ruled that this action was barred by applicable statutes of limitations or, alternatively, that Kinsey lacked standing to file the wrongful-death action. The circuit court dismissed all defendants with prejudice.

**FACTS**

¶2. On October 4, 2002, Watkins was diagnosed with silicosis. On December 26, 2002, a mass-tort, personal-injury suit against various silica-related entities, styled ***Rudolph Spencer, et al. v. Pulmosan Safety Equipment, et al.***, was filed in the Circuit Court of Humphreys County, Mississippi. The plaintiffs in that suit asserted claims of negligence, gross negligence, strict products liability, breach of warranties, and conspiracy against the defendants; alleged "silica-related injuries[;]" and sought recovery for "past, present, and future losses, not only actual, economic losses such as lost wages and/or wage-earning capacity and expenses of medical care, but also compensatory losses, such as loss of health, physical pain, emotional upset, mental anguish, disfigurement, disability, and loss of enjoyment of life . . . ." Among the twenty-five listed plaintiffs was "Ted **Walkins** [sic], . . . an adult resident citizen of Mississippi." (Emphasis added.)

3

¶3.     Watkins died on July 28, 2003.[2] On October 29, 2003, an "Amended Complaint" was filed in *Spencer* in which "Ted **Walkins** [sic], . . . an adult resident of Mississippi" remained among the listed plaintiffs. (Emphasis added.) No suggestion of death was made[3] and no wrongful-death claims were asserted. Thereafter, *Spencer* was removed to the United States District Court for the Southern District of Texas, Corpus Christi Division, a silica multi-district litigation court ("federal court").

¶4.     On October 30, 2003, the Chancery Court of Forrest County, Mississippi ("chancery court"), entered an "Order Admitting Will to Probate and for Issuance of Letters Testamentary." The Order appointed Kinsey as the executrix of Watkins's estate, pursuant to Watkins's "Last Will and Testament," to perform the duties and obligations required by that position. Kinsey, as the executrix of Watkins's estate, *never* moved to be substituted as a real party in interest in *Spencer*.[4] On May 17, 2004, a "Judgment Approving First and Final Account, *Closing Estate*, *Discharging Executrix* and For Other Relief" was entered by the chancery court. (Emphasis added.) The Judgment ordered that Kinsey, as "the sole devisee and legatee" of the estate, was "entitled to receive all property of whatever nature,

---

[2]The "Certificate of Death" listed Watkins's cause of death as respiratory failure, "[d]ue to or as a consequence of" small cell carcinoma of the lungs which metastasized into the brain and liver, itself "[d]ue to or as a consequence of" cigarette smoking.

[3]A subsequently-filed "Silica MDL Plaintiff's Sworn Fact Sheet" listed Ted **Watkins** as a plaintiff in the *Spencer* case, and the signature section provided that Watkins was deceased. Answers and Amended Answers filed in the present case by several defendants provided that "defendant admits that [Watkins] was at one time a plaintiff" in *Spencer*.

[4]*See* Miss. Code Ann. § 91-7-237 (Rev. 2004) ("[w]hen either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator.").

4

whether presently in possession or to later accrue . . . ." This included "any asbestos-related or other proceeds to be paid, currently or in the future, to or on behalf of" Watkins, which were to be "free of any claim of creditors due to said proceeds' exempt status . . . ."[5]

¶5.    Subsequently, the federal court entered an Order remanding *Spencer* to the Circuit Court of Humphreys County due to lack of subject-matter jurisdiction. On January 30, 2006, the Circuit Court of Humphreys County entered an "*Agreed Order of Dismissal* Without Prejudice" in *Spencer*, which included the following defendants: Clemco Industries Corporation; Clark Sand Company, Inc.; Hanson Aggregates, Inc.; Humble Sand & Gravel, Inc.; Pangborn Corporation; Parmalee Industries, Inc.; Precision Packaging, Inc.; and Southern Silica of Louisiana, Inc. (collectively, "Forman Perry Defendants"). (Emphasis added.) On April 27, 2006, the Circuit Court of Humphreys County entered an "*Agreed Order of Dismissal* Without Prejudice" in *Spencer* as to all claims against "each and every"

---

[5]At the time of Watkins's death, he had more than $35,000 in creditor claims.

remaining defendant, pursuant to *Canadian National v. Smith*, 926 So. 2d 839 (Miss. 2006).[6]

(Emphasis added.)

¶6.     On April 27, 2007, Kinsey first filed a wrongful-death action in the circuit court.  The

Complaint was styled *Diana Kinsey, on behalf of the Wrongful Death Beneficiaries of Ted*

*Watkins, Deceased v. Pangborn Corporation, et al.*[7]  The Complaint alleged "COMES

NOW, [Kinsey], on behalf of the wrongful death beneficiaries of Ted Watkins, deceased .

. . ."[8]  The Complaint alleged that the April 27, 2006, Order of the Circuit Court of

Humphreys County was entered pursuant to *Smith*, and Kinsey argued that *she* was thereby

---

[6]This Court has summarized *Smith* as holding that:

> all claims previously filed en masse for silicosis damages that were not filed in the proper venue should be *severed* as misjoined pursuant to *Janssen Pharmaceutica v. Armond*, 866 So. 2d 1092 (Miss. 2004), which requires each claim joined in a single lawsuit to arise from a "distinct, litigable event." *Smith*, 926 So. 2d at 845 (citing *Armond*, 866 So. 2d at 1099).  The *Smith* Court stated that such a dismissal would be "as to a matter of form," for purposes of the saving statute, Mississippi Code Section 15-1-69. *Smith*, 926 So. 2d at 845.

*Clark Sand Co., Inc. v. Kelly*, 60 So. 3d 149, 153 (Miss. 2011) (emphasis added).  Section 15-1-69 "allows *a plaintiff* whose claim is dismissed for a 'matter of form' one year to refile *his or her claim* in an appropriate venue of his or her choice." *Id*. at 153 n.3 (citing Miss. Code Ann. § 15-1-69 (Rev. 2003)) (emphasis added).

[7]The defendants included the Forman Perry Defendants, among whom this Court includes Ash Grove Cement Company ("Ash Grove").  While Ash Grove was not a listed defendant in *Spencer*, Kinsey's Complaint listed Ash Grove as "d/b/a Precision Packaging, Inc.," who is a Forman Perry Defendant.

The other defendants included Lone Star Industries, Inc.; Specialty Sand Company; American Optical Corporation; Empire Abrasive Equipment Corporation ("Empire Abrasive"); Mine Safety Appliances Company ("MSA"); Pearl Sands, Inc.; Pearl Specialty Sands, Inc.; Schmidt Manufacturing, Inc.; and Bob Schmidt, Inc. (collectively, "Other Defendants").

[8]Nowhere in Kinsey's Complaint did she allege her relationship to Watkins.

6

granted "one (1) year . . . to re-file [Watkins's] cause of action in a proper venue according to new law in Mississippi[,]" and "[t]his case is being filed within th[at] one (1) year time frame . . . ."

¶7.    Between August 2007 and November 2007, various defendants filed their Answers and Defenses. These pleadings contended, *inter alia*, that the claims asserted by Kinsey were barred by applicable statutes of limitations and that Kinsey lacked standing to commence a wrongful-death action.

¶8.    On December 13, 2007, the circuit court entered an "Agreed Initial Discovery Order" which provided, in pertinent part, that Kinsey would have sixty days to respond to the defendants' "Initial Master Set of Interrogatories and Requests for Production of Documents" ("Master Set"). On December 18, 2007, the defendants propounded the Master Set to Kinsey, with responses due February 18, 2008. After receiving no responses to the Master Set, defendant MSA sent a letter to counsel for Kinsey which provided that those responses were "extremely overdue" and requested that Kinsey "respond to this discovery immediately to avoid involvement by the [c]ourt."[9] Upon Kinsey's failure to respond to that letter, MSA filed a "Motion to Compel."[10] Following hearing, the circuit court entered an "Order Compelling Discovery Responses." Kinsey's subsequent responses pertinently revealed that she was Watkins's step-daughter and that Kinsey failed to list any wrongful-death beneficiaries, including Watkins's children identified in the "Last Will and Testament."

_____

[9]The Forman Perry Defendants sent a similar letter to counsel for Kinsey.

[10]Following Kinsey's failure to respond to their letter, the Forman Perry Defendants filed a "Motion to Compel."

¶9.     Thereafter, the Forman Perry Defendants and MSA filed separate "Motions for Summary Judgment," joined by Empire Abrasive, asserting that applicable statutes of limitations barred Kinsey's suit. According to the Forman Perry Defendants, "[a]ny wrongful death claims would have expired three years from [July 28, 2003] or July 28, 2006." As the present action was commenced on April 27, 2007, the defendants contended that Kinsey had "missed the statute of limitations." The defendants further asserted that "no statutory 'tolling'" existed because of the "*Agreed Order of Dismissal* Without Prejudice" in *Spencer*. (Emphasis added.) Finally, the defendants maintained that Section 15-1-69 (the "saving statute") was inapplicable "[b]ecause Kinsey was not a party to" *Spencer* and this is "a new action for a new cause by a new plaintiff."[11] In response, Kinsey asserted that her claims were protected under Section 15-1-69 or, alternatively, that the defendants' delay in asserting this affirmative defense constituted a waiver.

¶10.    Following a hearing, the circuit court entered summary judgment, dismissing all defendants *with* prejudice. The circuit court determined that "[t]here is no dispute that this is a *wrongful death action*." (Emphasis added.) The circuit court concluded, *inter alia*, that the three-year statute of limitations barred this wrongful-death action because it "accrued on July 28, 2003," and Section 15-1-69 was inapplicable since the action "is *not* a re-filing of

---

[11]The defendants also contended that Kinsey lacked standing "to bring a wrongful death action for Watkins" under Mississippi Code Section 11-7-13 because she was only his "ex-stepdaughter," and that since "there was no estate open at the time of the commencement of this suit, Kinsey would have had no authority to bring an action on behalf of the estate of Watkins." Kinsey responded that she had standing "to bring a survival action and wrongful death suit" because she was an "interested party" as "an heir under the will" whom "the [c]hancery [c]ourt determined . . . to be the sole devisee and legatee" of Watkins's estate.

a previously avoided or defeated matter . . . , nor was it commenced by the prior plaintiff (Watkins) *or his executor* for the same cause." (Emphasis added.)

**ISSUE**

¶11. *If* the statute of limitations was not waived, and *if* the "saving statute" is inapplicable, *then* the statute-of-limitations issue is case-dispositive. As such, this Court addresses only whether this wrongful-death action was barred by the statute of limitations.

**ANALYSIS**

¶12. Preliminarily, we address the nature of this action, a wrongful-death case. This Court has stated that Mississippi Code Section 11-7-13, Mississippi's wrongful-death statute, "encompasses *all* claims – *including* survival claims which could have been brought by the decedent,[12] wrongful-death claims, estate claims, and other claims – resulting from a tort which proximately caused a death." *Caves*, 991 So. 2d at 150 (emphasis added). *See also Clark Sand*, 60 So. 3d at 161 (citing *Caves*, 991 So. 2d at 148-49) ("[a]n action for wrongful death *includes the decedent's 'survival-type' claims*, such as claims for his or her personal injury, property damage, and medical and funeral expenses, *and the wrongful-death claimants' so-called 'wrongful-death' claims*, such as loss of consortium, society, and companionship.") (emphasis added); *Long v. McKinney*, 897 So. 2d 160, 169 (Miss. 2004)

---

[12]"One who brings a claim under the wrongful-death statute to recover only damages under circumstances which, 'if death had not ensued, would have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof,' is actually bringing a *survival claim* . . . ." *Caves v. Yarbrough*, 991 So. 2d 142, 149 (Miss. 2008) (quoting Miss. Code Ann. § 11-7-13 (Rev. 2004)) (emphasis added). "The survival action provided in the wrongful death statute is an extension of Mississippi's survival statute, which allows personal actions of a decedent to be pursued after his or her death." *Caves*, 991 So. 2d at 149 n.9 (citing Miss. Code Ann. § 91-7-233 (Rev. 2004)).

("in wrongful death litigation, there are several kinds of damages which may be pursued, and these damages are not due to the same claimants. For instance, the estate is entitled to recover funeral costs and final medical expenses. The beneficiaries are entitled to recover for their respective claims of loss of society and companionship. The wrongful death beneficiaries are entitled to recover the present net cash value of the decedent's continued existence."). Section 11-7-13 "requires that all such claims be brought in *one suit . . . .*" *Caves*, 991 So. 2d at 149 (citing Miss. Code Ann. § 11-7-13 (Rev. 2004)) (emphasis added). *See also Burley v. Douglas*, 26 So. 3d 1013, 1019 n.6 (Miss. 2009) (quoting *In re Estate of England*, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003)) ("[w]hen the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the 'one suit' for wrongful death and is not actionable by the estate under the survival statute."). A review of Kinsey's April 2007 Complaint reflects that only "survival-type" claims are presented. *Clark Sand*, 60 So. 3d at 161 (citing *Caves*, 991 So. 2d at 148-49). With that established, this Court considers whether the statute of limitations barred Kinsey's claims.

**I.      Whether this action was barred by the statute of limitations.**

*(A) Waiver*

¶13.    The waiver, *vel non*, of an affirmative defense is subject to an abuse-of-discretion standard of review. *See Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 421 (Miss. 2010).

¶14.    In the Complaint, Kinsey failed to state her relationship to Watkins, to reveal that she had been the executrix of Watkins's estate, or to name Watkins's estate as a plaintiff. In

Answers and Defenses, the defendants raised, *inter alia*, the affirmative defense of the statute of limitations. Following the "Agreed Initial Discovery Order," Kinsey failed to respond to the Master Set when due, failed to respond to subsequent letter requests of the defendants, failed to respond to the defendants' "Motions to Compel," and responded only after the circuit court entered an "Order Compelling Discovery Responses." Within two months after receipt of the compelled responses, each defendant either filed or joined in a motion for summary judgment.

¶15. This Court has stated that a "long delay" is not enough, "standing alone," to constitute waiver of an affirmative defense. *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006)). Ordinarily, there must be "a substantial and unreasonable delay in pursuing the right, coupled with active participation in the litigation process," before waiver will be found. *Id*. The Complaint was insufficient to decipher Kinsey's status in relation to Watkins. The only significant delay was caused by Kinsey failing to provide timely responses to discovery. When Kinsey finally responded, following the circuit court's "Order Compelling Discovery Responses," the defendants pursued this affirmative defense forthwith. At that time, this mass-tort case was still in its early stages. No trial date had been set and no witnesses had been deposed during the period of delay. Under the facts presented, this Court concludes that the defendants did not waive their statute-of-limitations defense.

*(B) Statute of limitations and the "saving statute"*

¶16. "'[T]he application of a statute of limitations is a question of law,' which we review de novo." *Caves*, 991 So. 2d at 146 (quoting *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001)).

11

¶17. The applicable statute of limitations provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49(1) (Rev. 2003). But in a wrongful-death suit, where multiple claims must be brought in one suit (*see* ¶ 12 *supra*), if "death is not an immediate result of the tort, the limitation periods for the various kinds of claims may not begin to run at the same time." *Caves*, 991 So. 2d at 150. For instance, Watkins's "survival-type" claims actually accrued on the date of discovery of the injury. *See Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 836 (Miss. 2010) (quoting *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010)) ("the plain language of Section 15-1-49 supports an interpretation 'that the cause of action accrued upon discovery of the injury, *not discovery of the injury and its cause*.'") (emphasis in original).

¶18. The "survival-type" claims accrued upon Watkins's diagnosis with silicosis on October 4, 2002. Any "wrongful-death" claims accrued, at the latest, on the date of Watkins's death on July 28, 2003. *See Clark Sand*, 60 So. 3d at 161; *Caves*, 991 So. 2d at 148. Therefore, in the absence of tolling, the statute of limitations for "survival-type" claims ran on October 4, 2005 (and for "wrongful-death" claims, on July 28, 2006). *Spencer* was filed within the statute of limitations on December 26, 2002. However, no party was substituted for the deceased Watkins. In *Spencer*, an "Agreed Order of Dismissal Without Prejudice" was entered as to the Forman Perry Defendants on January 30, 2006, and as to "each and every Defendant" on April 27, 2006. (Emphasis added.) "[T]he filing of a complaint does not toll the statute of limitations when the plaintiff voluntarily dismisses the suit." *McLemore*, 54 So. 3d at 839 (quoting *Koestler v. Miss. Baptist Health Sys., Inc.*, 45

12

So. 3d 280, 283 (Miss. 2010)). Based thereon, when *Spencer* was dismissed without prejudice, "its pendency did not serve to toll the statute of limitations on . . . a wrongful-death action for [Watkins's] death." *Clark Sand*, 60 So. 3d at 162. As no wrongful-death action was filed until April 27, 2007, *all* "survival-type" claims, as against *all* defendants, were time-barred, unless such "survival-type" claims were "for the same cause" as Watkins's *Spencer* claim. *Id*. (quoting Miss. Code Ann. § 15-1-69 (Rev. 2003)). If that was the case, then the dismissal of *Spencer* "as to a matter of form" implicated Section 15-1-69, the "saving statute." *See Clark Sand*, 60 So. 3d at 162 (quoting Miss. Code Ann. § 15-1-69 (Rev. 2003)). Section 15-1-69 provides a living plaintiff, "or 'his executor or administrator' in the event of his death, one year to refile his claim as a 'new action for the same cause' in an appropriate venue." *Clark Sand*, 60 So. 3d at 162 (quoting Miss. Code Ann. § 15-1-69).

¶19. In *Clark Sand*, this Court held that:

> [Kelley] was not substituted as the party plaintiff in [the decedent's mass-tort, personal-injury] claim [filed in federal court] after [the decedent] died but before [the federal suit] was dismissed. *This action must be a new and independent wrongful-death action, brought by Kelley without the saving statute and separate and distinct from [the decedent's] personal-injury claim in [federal court]*.
>
> . . .
>
> Kelley filed this suit far more than three years after [the decedent's] diagnosis, so the "survival-type" claims included in Kelley's action are time-barred.

*Clark Sand*, 60 So. 3d at 162 (emphasis added). When the present action was filed, Watkins's estate had been closed, and Kinsey had been discharged as executrix thereof, for nearly three years. Kinsey's Complaint was *not* filed by Kinsey as the executrix of Watkins's estate. *See* Miss. Code Ann. § 15-1-69 (action under the "saving statute" is to be

13

filed by the decedent's "executor or administrator . . . ."). The Complaint was styled ***Diana Kinsey, on behalf of the Wrongful Death Beneficiaries of Ted Watkins, Deceased***. It is undisputed that Kinsey was never "substituted as the party plaintiff" in ***Spencer*** after Watkins died, but before ***Spencer*** was dismissed. ***Clark Sand***, 60 So. 3d at 162. Under such circumstances, this Court concludes that the present suit was a "new and independent wrongful-death action" to which Section 15-1-69 does not apply. ***Id***. Therefore, this wrongful-death suit is barred by the statute-of-limitations.

## CONCLUSION

¶20.    As Kinsey's claims were barred by the statute of limitations, this Court affirms the "Orders Granting Summary Judgment" entered by the Circuit Court of Harrison County, Mississippi, First Judicial District, dismissing all defendants with prejudice.

¶21.    **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**

14