KITCHENS, Justice,
Dissenting.
¶ 34. For the reasons stated in my separate opinion in Clark Sand v. Kelly, 60 So.3d 149, 164-65 (Miss.2011), I respectfully dissent. As in Clark Sand, the wrongful death action encompassed the decedent’s previous personal injury claims; thus the statute of limitations was tolled while the personal injury action was pending. Id. at 165. In his order denying summary judgment, the trial court correctly held:
That both plaintiffs and defendants in the multi-plaintiff Jones County action treated that case as if Henry Morgan, Sr. had not died, and during that period of time the statute of limitations that defendants contend ran against the plaintiff on the wrongful death claim was tolled.
That there could have been certain actions taken while the Jones County litigation was still pending by either side, *465 but none were undertaken. Therefore, because this action was filed within one year, this action was saved by virtue of Section 15-1-69 in a fair and liberal reading of that statute.
Based on the arguments at the hearing, the trial court was referring to Mississippi Rule of Civil Procedure 25(a)(1), which says:
If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons. The action shall be dismissed without prejudice as to the deceased party if the motion for substitution is not made within ninety days after the death is suggested upon the record by service of a statement of the fact of the death as herein provided for the service of the motion.
(Emphasis added.) Notably, the rule does not place the burden of filing the suggestion of death upon either party. Therefore, under the circumstances presented in this case, the trial court did not err in denying the defendants’ motion for summary judgment.[2]
CHANDLER AND KING, JJ„ JOIN THIS OPINION.

. The majority also cites Kinsey v. Pangborn, 78 So.3d 301 (Miss.2011), a decision in which I concurred. I find a notable distinction between Kinsey and the present case in that, in Kinsey, the decedent’s estate had been closed and the plaintiff had been discharged as executrix for nearly three years before attempting to bring the wrongful death suit. Id. at 308.