GRIFFIS, P.J.,
FOR THE COURT:
¶ 1. This appeal considers whether the trial court properly granted a motion to dismiss. Finding reversible error, we reverse the Hinds Count Circuit Court’s judgment and remand for further proceedings consistent with this opinion.
¶2. In July 2009, John Eubanks and Kim Wade entered into an “exclusive authorization and right to sell listing agreement.” Eubanks authorized Wade to sell Eubanks’s real property and residence for a commission. Wade represented himself to Eubanks as a broker, agent, and member of the Jackson Mississippi Association of Realtors. Wade informed Eubanks that he would list Eubanks’s property online via the Multiple Listing Service (“MLS”).
¶ 3. In September 2009, Wade found a buyer who executed an offer to purchase Eubanks’s property. Wade presented the buyer’s offer to Eubanks with a contract accepting the buyer’s offer. Eubanks noticed the “as is” provision was stricken and initialed by the buyer. Wade admitted he added the “as is” provision to the contract, but the buyer refused to agree to such a provision. Eubanks acknowledged he and Wade never discussed a warranty provision, and there was no mention of the warranty provision in their contract.
¶ 4. The buyer’s mortgage application was denied by a lending institution and the closing scheduled for the next day was cancelled. Eubanks claims that he made numerous attempts to contact Wade. The “for sale” signs were removed from Eu-banks’s property. In November 2009, Eu-banks contends that the sale listing on MLS was removed without his knowledge or consent. He later learned that his property was listed on the MLS website with multiple inaccuracies. Eubanks also discovered that Melissa Reese, a woman with whom he had never met, was named in the listing as the agent. Further, Eubanks contends that these actions indicated that the agreement he had with Wade had expired.
¶ 5. In November 2009, Eubanks contacted the potential buyer. Eubanks and the buyer entered into a lease/purchase agreement in which the buyer agreed to lease the-property from November 2009 through March 2010, with a balloon payment for the balance payable March 2010, Wade removed the lock box from the residence, but refused to return the keys to Eubanks.
¶ 6. Wade contacted Eubanks and threatened to put a lien against the property for his commission in the amount of $5,137.50, preventing the ultimate sale of the home in March 2010. Eubanks refused to execute an extension of the original listing agreement, and Wade placed a lien against Eubanks’s property in this amount.
¶ 7. Eubanks filed a claim against Wade with the Mississippi Real Estate Commission. Then, Wade informed Eubanks that he would release the lien if Eubanks dismissed the complaint filed with the Commission. Eubanks asserts that he entered *249 this agreement with Wade under duress. Regardless, in March 2010, Eubanks and Wade executed a “release and cancellation of lien.” As a result, Eubanks and the buyer closed on the sale of the property shortly thereafter. However, after the closing, no money was exchanged and Wade renewed his lien. Eubanks also renewed his claim with the Commission.
¶ 8. The Commission found that Wade committed several violations. The Commission executed an order in July 2010 that stated that Wade was not a participant in MLS or the Jackson Association of Realtors at the time Eubanks’s property was listed. The Commission further found clear and convincing evidence that Wade ■violated the Mississippi Real Estate Broker License Act, codified at Mississippi Code Annotated section 73-35-21(l)(a) (Rev. 2012), and the Commission’s rules and regulations. Wade was sanctioned and censured.
¶ 9. On July 2, 2010, Wade filed a complaint against Eubanks in the circuit court. The complaint alleged that Eubanks breached their agreement for the sale of Eubanks’s property. Apparently, no answer was filed. On December 29, 2010, the circuit judge entered a default judgment against Eubanks. This action was pending before a different circuit judge. Eubanks claimed that he was never served with the complaint and filed a motion to set aside the default judgment, which was still pending when the judgment was entered in this action. As part of the motion to set aside the default judgment, Eubanks also claims that the circuit court did not conduct a hearing on damages after the default was entered.
¶ 10. In August 2011, Eubanks filed a lawsuit against Wade and Melissa Reese in the circuit court. In the complaint, Eu-banks alleged that Wade committed negligence, gross negligence, extortion, fraud, breach of fiduciary duty, acting without authority, failure to communicate, and substantial misrepresentations in the sale of his property. Wade filed an answer and raised several affirmative defenses. However, the answer did not mention the default judgment against Eubanks.
¶ 11. In 2013, Wade filed a motion to dismiss Eubanks’s lawsuit. The motion argued that the circuit court should dismiss the complaint based on a theory of res judicata, because he received a default judgment against Eubanks in 2010. Eu-banks filed a response and a hearing was set on December 19, 2013. The hearing was continued and it was reset for a telephonic conference on January 13, 2014.
¶ 12. On April 6, 2015, the circuit court entered an order granting Wade’s motion to dismiss with prejudice. It is from this order that Eubanks now appeals.
ANALYSIS
¶ 13. Eubanks argues two issues in this appeal. In each issue, Eubanks asks this Court to vacate the April 6, 2015 order granting Wade’s motion to dismiss. In this order, the circuit court ruled:
THERE CAME ON FOR HEARING on the Motion of Defendant, Kim Wade d/b/a Kim Wade Real Estate, to dismiss the above-styled and numbered cause, and the Court, after hearing oral arguments and being fully advised in the premises and, after having fully considered said motion, finds that said motion is well-taken and should be and is hereby granted.
IT IS, THEREFORE, ORDERED AND ADJUDGED that the above-styled and numbered cause be and hereby is dismissed with prejudice as to any and all claims of the Plaintiff, John Eubanks, against Defendant, Kim Wade d/b/a Kim Wade Real Estate.
*250 ¶ 14. Eubanks contends the circuit court erred in entering this order. Eu-banks correctly states that the order was silent as to the specific grounds for the dismissal. Eubanks argues that the circuit court was in error to rely on a matter outside of the complaint to grant, the dismissal and could only do this if the motion to dismiss was converted to a motion for summary judgment. From the order, we see no reason to conclude that the circuit court converted the motion to dismiss to a motion for summary judgment. As a result, we do not review this appeal on the summary judgment standard, but instead review this case on the standard of review for a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6).
¶ 15. The standard of review following a circuit court’s dismissal for failure to state a claim is as follows:
In an appeal of a dismissal of a case under Rule 12(b)(6), we apply a de novo standard of review. This Court is not required to defer to the trial court’s judgment or ruling. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of, her claim.
Breeden v. Buchanan, 164 So.3d 1057, 1060-61 (¶ 13) (Miss. Ct. App. 2015) (internal citations and quotation marks omitted).
1Í16. Based on our review of the complaint, the amended complaint, and the motion to dismiss, it is clear that Wade’s motion to dismiss did not attack the legal sufficiency of the individual claims pled in the complaint. Instead, the motion to dismiss asserts that “[a]ll of Eubanks’[s] claims against Wade are barred by the doctrine of res judicata,” and it is based on
the preclusive effect of “the December 28, 2010 default judgment entered against Eu-banks.” A copy of the judgment was attached to -the motion to dismiss.
¶ 17. The Mississippi Supreme Court has offered us guidance on this issue. In Wholey v. Cal-Maine Foods Inc., 530 So.2d 136, 138-39 (Miss. 1988), the court said:
In Glass v. Armstrong, 330 So.2d 57 [, 58] (Fla. [Dist. Ct.] App. 1976), it was held that a trial court is not authorized to take judicial notice of cases pending or previously disposed óf in the same court but outside the record in the case before it. Further, the Glass case held that res judicata may not be first raised on a motion to dismiss, as in the present case, for the reason that res judicata is an affirmative defense requiring both pleading and proof. Res judicata is an affirmative defense which may not be raised on motion to dismiss unless allegations of a prior pleading in the case demonstrates its existence.
(Citations omitted).
¶ 18. Eubanks argues that it' was improper for the circuit court to convert the motion to dismiss to a summary judgment without giving notice. In Sullivan v. Tullas, 19 So.3d 1271, 1273 (¶¶ 5-6) (Miss. 2009), the court considered the following:
The various defendants subsequently filed a motion to dismiss under ... Rule 12(b)(6) without answering the heirs’ complaint. On November 3, 2006, the court held a hearing on the Rule 12(b)(6) motion filed by the defendants. During the hearingi the heirs introduced copies of the checks that Tullos had tendered to them as payment for the land sold to Pittman. The defendants introduced an appraisal from the time of the sale showing the value of the land to be $500 per acre. Thereafter, during the hearing on the motion to dismiss, the court trans *251 formed the Rule 12(b)(6) motion into a motion for summary judgment, under Rule 56 [of the Mississippi Rules of Civil Procedure], -without ordering a continuance to allow the heirs a reasonable time to present evidence -necessary for the proper adjudication of their claims as is required under the rule.
[[Image here]]
Subsequently, on November 30, the trial court entered a memorandum. opinion, finding that summary judgment should be granted to the defendants. An order granting summary judgment was then entered on February 9, 2007.
¶ 19. In Sullivan, it was clear that the circuit court decided to convert the motion to dismiss to a motion for summary judgment. Id. at (¶ 5). Here, there is no indication that the circuit court considered this matter as a summary judgment. For that reason, we believe this matter must be considered only as a motion to dismiss under Rule 12(b)(6).
¶ 20. We find that Wholey correctly states the law and explains how a Rule 12(b)(6) motion to dismiss should be considered. We recognize that Wade has raised an important and- possibly valid affirmative defense. However, the prior judgment that Wade previously obtained against Eubanks is a matter outside the complaint that should not be considered in a motion to dismiss. For this reason, we find that the trial court committed reversible error when it granted the motion to dismiss, and the case must be remanded to the circuit court.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY MISSISSIPPI, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
BARNES, ISHEE, FAIR, WILSON AND GREEENLEE, JJ., CONCUR. WESTBROOKS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND CARLTON, J. LEE, C.J., CONCURS IN RESULT ONLY •: WITHOUT SEPARATE WRITTEN OPINION.