# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00216-COA

**MARQUES ANTHONY TURNER**                                    **APPELLANT**

**v.**

**TAQUANDA W. TURNER**                                          **APPELLEE**

DATE OF JUDGMENT:            01/11/2023
TRIAL JUDGE:                 HON. RODNEY PURVIS FAVER
COURT FROM WHICH APPEALED:   LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      BENNIE L. JONES JR.
ATTORNEY FOR APPELLEE:       STEPHANIE SMITH WOODARD
NATURE OF THE CASE:          CIVIL - DOMESTIC RELATIONS
DISPOSITION:                 REVERSED AND REMANDED - 04/30/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Appellant Marques Turner filed for divorce against Appellee Taquanda Turner alleging cruel and inhuman treatment and adultery. The Lowndes County Chancery Court dismissed Marques' complaint, holding that the parties' prior separate-maintenance action barred the complaint due to res judicata. Marques appealed, claiming that res judicata should not apply because the issues were not actually litigated during the separate maintenance action and because Taquanda waived her res judicata defense by failing to answer Marques' complaint and by waiting to pursue the defense.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 30, 2021, Taquanda filed a complaint for separate maintenance against Marques, alleging that Marques left the marital home in May 2021 and did not return.

Taquanda was seeking child support, child custody, and spousal support. Marques did not answer the complaint. A hearing was held on September 22, 2021, after which the chancery court entered an order granting Taquanda separate maintenance and child support on November 9, 2021.[1] Taquanda claims the court found she was not at fault for the separation. However, both parties agree that Marques did not make any allegations of adultery or cruel and inhuman treatment.

¶3.     On December 29, 2021, Marques sued Taquanda for a divorce, alleging habitual cruel and inhuman treatment and adultery. Taquanda was served with process on March 31, 2022, and filed a motion to dismiss on September 19, 2022, alleging res judicata for the grounds of cruel and inhuman treatment and adultery based on the prior separate-maintenance action. The chancery court found that res judicata barred Marques' divorce complaint and dismissed the action. The chancery court held Marques was "seeking a divorce based on facts that were in existence on or before" the separate maintenance action the court entered on November 9, 2021. The chancery court explained that Marques could refile a divorce complaint alleging new grounds so long as the grounds arose after May 3, 2022 (the date of the court's last order). The chancery court also stated, "Discovery of evidence 'after the fact' that occurred on or before May 3, 2022, shall not be sufficient to meet this Court's requirement to proceed on 'new' grounds."

¶4.     Marques filed a motion to reconsider the chancery court's order on January 18, 2023, which the chancery court denied on February 10, 2023. Marques then appealed.

---

[1] We note that the record does not contain any document pertaining to the separate maintenance action, including the chancery court's order.

**STANDARD OF REVIEW**

¶5. "When considering a motion to dismiss, this Court's standard of review is de novo." *Coleman v. WGST, LLC*, 328 So. 3d 698, 700 (¶5) (Miss. Ct. App. 2021) (quoting *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222 (¶7) (Miss. Ct. App. 2019)). "This Court will not disturb the findings of the chancellor unless they are manifestly wrong or clearly erroneous, or an erroneous legal standard was applied." *Id.*

**DISCUSSION**

¶6. "When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Cook v. Brown*, 909 So. 2d 1075, 1077-78 (¶8) (Miss. 2005). "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint." *Id.* However, "Rule 12(b)(6) motions are decided on the face of the pleadings alone." *State v. Bayer Corp.*, 32 So. 3d 496, 502 (¶21) (Miss. 2010) (quoting *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1211 (¶15) (Miss. 2001)). In addition, Mississippi Rule of Civil Procedure 12(b) states in part:

> If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 . . . .

M.R.C.P. 12(b).

¶7. In *Bayer Corp.*, the Mississippi Supreme Court reversed a chancery court's dismissal of the State's complaint after finding that the court considered matters outside the pleadings.

3

*Bayer Corp.*, 32 So. 3d at 503-04 (¶¶25-26). Using a plain reading of Rule 12(b), and relying on precedent in *Sullivan v. Tullos*, 19 So. 3d 1271 (Miss. 2009), and *Wilbourn v. Equitable Life Assurance Society of the U.S.*, 998 So. 2d 430 (Miss. 2008), *Bayer Corp* held that if a trial court considers matters outside the pleadings in a motion to dismiss, the court is required to convert the 12(b)(6) motion into a Rule 56 motion for summary judgment and give the nonmovant at least ten days' notice of a hearing for summary judgment. *Bayer Corp.*, 32 So. 3d at 503-04 (¶¶24-25).

¶8.     This Court distinguished *Bayer Corp.* by holding that a trial court may "consider the contents of the complaint, the documents attached to the complaint, and the documents that are referred to in the complaint if they are central to the plaintiff's claim, even though they are not attached to the complaint." *Breeden v. Buchanan*, 164 So. 3d 1057, 1068 (¶53) (Miss. Ct. App. 2015). In that case, the plaintiff's complaint had included a few pages of the insurance policy he was trying to enforce but argued that the court considered matters outside the pleadings by looking at the complete insurance policy. *Id.* at (¶¶51, 53).

¶9.     Here, the chancery court considered the separate maintenance action, which was outside the pleadings. *See Eubanks v. Wade*, 220 So. 3d 247, 250-51 (¶¶16-20) (Miss. Ct. App. 2017) (finding a prior default judgment against the party was outside the complaint). While Marques' complaint does briefly mention the separate maintenance matter, the matter was not "central to the . . . claim." Marques mentioned the separate maintenance matter to provide factual background about the custody of the children. This is distinguishable from *Breeden*, where the matter at issue—the insurance policy—was directly connected to the

plaintiff's cause of action—enforcement of the insurance policy.

¶10. Because the chancery court considered matters outside the pleadings, the court should have converted the motion to dismiss into a motion for summary judgment and given Marques at least ten days' notice of the summary judgment hearing. Since the record shows that the chancery court failed to convert the motion and provide the necessary notice, we must reverse the chancery court's dismissal of this case and remand for further proceedings consistent with this opinion.

¶11. Despite reversal, we find it prudent to discuss the substantive issues argued on appeal. *See Wilbourn*, 998 So. 2d at 436 (¶14) (explaining analysis was "pertinent to the circuit court's determination on remand"). Marques argues that Taquanda waived her res judicata defense and that the chancery court should have allowed Marques to amend his complaint under Mississippi Rule of Civil Procedure 15.

### (1) Waiver

¶12. "The waiver of an affirmative defense is subject to an abuse-of-discretion standard of review." *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1144 (¶9) (Miss. 2018) (quoting *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 306 (¶13) (Miss. 2011)). "[A] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *Id.* at 1145 (¶10) (quoting *MS Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (¶41) (Miss. 2006)). "In order to constitute a waiver, the delay must be 'substantial and unreasonable.'" *Id.*

5

¶13. Taquanda raised her res judicata defense on September 19, 2022, in her motion to dismiss Marques' divorce complaint. Marques argues this was roughly a nine-month delay from when he filed his complaint on December 29, 2021. However, Taquanda was served with process on March 31, 2022, which means any delay in raising her affirmative defense was six months. This period is not "substantial" enough to be considered a waiver. *See Horton*, 926 So. 2d at 181 (¶45) (without setting a minimum number of days, finding an eight-month unreasonable delay coupled with active participation in the litigation process constituted waiver).

¶14. Furthermore, Marques argues that Taquanda "[w]as actively engaged in the filing of contempt actions alleging contempt of the separate maintenance agreement." The record does not show that Taquanda actively participated in the litigation before filing her motion to dismiss. These contempt actions were separate from the instant case and do not appear in the record. Marques also argues that Taquanda never filed an answer to the divorce complaint. However, "[a] defendant is not required to answer the complaint in a divorce matter . . . ." *Schaubhut v. Schaubhut*, 373 So. 3d 802, 807 (¶18) (Miss. Ct. App. 2023). Accordingly, we find no reversible error in the chancery court's finding that Taquanda waived her preclusion defense.

**(2)     Res Judicata and Collateral Estoppel**

¶15. The Mississippi Supreme Court in *Wilson v. Wilson*, 198 Miss. 334, 22 So. 2d 161 (1945), stated:

> [A] decree in a separate maintenance suit is conclusive, as res adjudicata, in
> a subsequent divorce suit, so far as concerns any issue which was litigated

6

between the parties in the separate maintenance suit; and if the issue was decided in favor of the wife in that suit, it bars the husband in any subsequent divorce suit brought by him predicated on facts which were in existence at the time of the maintenance decree and which were put in issue, and decided in favor of the wife therein.

*Id.* at 163. The supreme court further explained, "The reason for the rule is, that the former adjudication is always conclusive of the facts, and the rights of the parties based thereon, existing at the time it was rendered, and the court will not again review those facts to determine whether there was error in the decree—that is the province of an appellate court only." *Id.* The supreme court in *Etheridge v. Webb*, 210 Miss. 729, 50 So. 2d 603, 606-09 (1951), offers additional guidance on this issue:

Where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent action on a different cause of action. This proposition is distinguishable from the effect of a judgment as a merger of the original cause of action in the judgment, or as a bar to a subsequent action upon the original cause of action. In either of the preceding cases the original cause of action is extinguished by the judgment, no matter what issues were raised and litigated in the action. However, where the subsequent action is based upon a different cause of action from that upon which the prior action was based[,] . . . the effect of the judgment is more limited. It is conclusive between parties in such a case as to questions actually litigated and determined by the prior judgment. This is the doctrine of estoppel by judgment. The judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted.

This rationale for the doctrine of collateral estoppel by judgment operates in this case to exclude evidence prior to the separate maintenance decree. Where this issue of voluntary separation and abandonment by the husband has been determined in a court of competent jurisdiction, that question of fact is conclusive up to that date between parties in this subsequent action in which appellant is now asserting that he did not abandon his homestead.

*Id.* at 606-07 (citations omitted). The supreme court discussed *Wilson* and its subsequent

7

divorce action, stating, "Clearly the effect of the *Wilson* cases is that the separate maintenance decree made res judicata the issue of wrongful abandonment of the wife by the husband up to that time, and under the doctrine of estoppel by judgment it precluded a retrial of the facts passed upon in the former decree." *Id.* at 609.

¶16.    Here, we are dealing with collateral estoppel rather than res judicata. "When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action. And, collateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated." *Dunaway v. W.H. Hopper & Assocs. Inc.*, 422 So. 2d 749, 751 (Miss. 1982).

¶17.    Taquanda claims that the separate maintenance action bars the divorce complaint on the grounds of adultery and cruel and inhuman treatment because the separate maintenance action determined that she was not at fault for the separation. This Court has stated that "separate maintenance is . . . court-created equitable relief based upon the marriage relationship and is a judicial command to the husband to resume cohabitation with his wife, or in default thereof, to provide suitable maintenance of her until such time as they may be reconciled to each other." *Jackson v. Jackson*, 114 So. 3d 768, 774 (¶16) (Miss. Ct. App. 2013) (quoting *Forthner v. Forthner*, 52 So. 3d 1212, 1219 (¶13) (Miss. Ct. App. 2010)). "The granting of separate maintenance is premised upon the existence of a valid marriage contract and premised upon a showing that there is no significant conduct on the part of the

8

requesting spouse that negatively impacts the enjoyment of the marriage contract." *Id.* "The power to grant separate maintenance to the wife was based on (a) separation without fault on the wife's part, and (b) willful abandonment of her by the husband with refusal to support her." *Rodgers v. Rodgers*, 349 So. 2d 540, 541 (Miss. 1977).

¶18. Taquanda's argument is acceptable on the ground of habitual cruel and inhuman treatment, but her argument fails on the adultery ground. During the separate maintenance hearing, Marques could have argued his points on the issue of cruel and inhuman treatment using known, existing facts. The judgment in the separate maintenance action determined that Taquanda was not at fault for the separation, so Marques is barred by collateral estoppel from arguing that prior acts of cruel and inhuman treatment caused their divorce. The evidence could have been asserted in the separate maintenance action to show fault.[2] However, that is the limit of that judgment. Any facts that Marques can argue occurred after the entry of the chancery court's order still may be used in his divorce action.

¶19. In addition, the adultery ground is still available because it is undisputed that Marques allegedly did not discover evidence of the adultery until after the separate maintenance hearing. Unlike the cruel and inhuman treatment ground, Marques could not have argued adultery as evidence of Taquanda's fault in the separation because Marques did not know

_____

[2] Marques may still be able to use prior evidence of Taquanda's cruel and inhuman treatment in his divorce action if he can show that the prior evidence has aggregated with evidence that occurred after the separate maintenance order was entered. *See Bias v. Bias*, 493 So. 2d 342, 345 (Miss. 1986) (finding that a party is precluded from relitigating the question of habitual cruel and inhuman treatment with respect to acts that occurred prior to parties' previous litigation but explaining a party is not precluded from litigating the question if the pre-litigation evidence aggregated with post-litigation evidence to constitute habitual cruel and inhuman treatment).

about the adultery. As such, the adultery could not have contributed to the separation and therefore was never actually litigated. The chancery court's previous finding that Taquanda was not at fault for her separation from Marques cannot go so far as to preclude a future divorce action based on previously unknown evidence of adultery. Furthermore, any new evidence of adultery that occurred after the separate maintenance order was entered would support Marques' current divorce complaint.

¶20. Marques is correct in saying the chancery court could have allowed him to amend his complaint to allege adultery and cruel and inhuman treatment that occurred after the entry of its separate maintenance order. We go further to say that the adultery ground in the current complaint is not barred by res judicata or collateral estoppel because Marques allegedly discovered the evidence of adultery after the entry of the separate maintenance order.[3] Therefore, the chancery court erred by dismissing Marques' divorce complaint.

## CONCLUSION

¶21. In granting Taquanda's Rule 12(b)(6) motion to dismiss, the chancery court considered its prior separate-maintenance judgment, which was outside of the pleadings. The court should have converted the motion into a motion for summary judgment and provided a ten-day notice to Marques for the summary judgment hearing. Because the chancery court failed to do so, we reverse the order of dismissal and remand the case for further proceedings consistent with this opinion.

---

[3] Under the Rule 12(b)(6) motion, all allegations of the complaint are taken as true. *Cook*, 909 So. 2d at 1077 (¶8). It is a factual issue whether Marques truly did not discover evidence about the alleged affair until after the separate maintenance order was entered.

10

¶22.	**REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**